### HELEN M. HALL *vs.* BENJAMIN HALL.

Bristol. October 26, 1908. —November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Superior Court. Jurisdiction. Practice, Civil,* Appeal, Amendment.

The Superior Court has no power, after a civil action has been entered therein on appeal from a district court, the jurisdiction in which does not extend to actions where the *ad damnum* exceeds $1,000, to allow an amendment to the writ increasing the *ad damnum* from $1,000 to $2,000.

*It seems,* that, on an appeal of a civil action from a police, district or municipal court or trial justice to the Superior Court, the case in the appellate court is a mere continuation of the original case and, although amendments may be allowed in the latter court under R. L. c. 173, §§ 23, 97, they must be such, so far at least as they affect the question of jurisdiction, as could have been made in the court whose judgment is appealed from.

CONTRACT for money had and received. Writ in the Second District Court of Bristol dated August 4, 1905.

On appeal to the Superior Court, a motion was therein filed and allowed by *Bell,* J., increasing the *ad damnum* of the writ from $1,000 to $2,000, and the defendant appealed. Other facts are stated in the opinion.

*D. F. Slade,* for the defendant, was not called upon.

*F. A. Pease,* for the plaintiff.

MORTON, J. This action was brought in the Second District Court of Bristol, the jurisdiction of which is limited to $1,000. The *ad damnum* of the writ originally was $500 and the declaration, which was for money had and received, alleged that the defendant owed the plaintiff $400. Subsequently the plaintiff was allowed in that court to amend her writ by making the *ad damnum*

$1,000 instead of $500 and to amend her declaration by substituting $1,000 for $400.  Judgment was rendered in the District Court in favor of the plaintiff for the sum of $379.60 and costs of suit, and the defendant appealed therefrom.  In the Superior Court the case was sent to an auditor who found in favor of the plaintiff in the sum of $1,032.13 and interest from August 4, 1905, the date of the writ.  Before the auditor's report was filed the plaintiff moved in the Superior Court to increase the *ad damnum* from $1,000 to $2,000.  This motion was allowed and the defendant appealed from the allowance of it.  The case was subsequently heard by a judge without a jury, and he found in favor of the plaintiff and assessed the damages in the sum of $1,209.66.

The sole question is whether the Superior Court had power to allow the amendment increasing the *ad damnum* from $1,000 to $2,000.  We do not think that it had.  The jurisdiction of the Superior Court was wholly appellate and it could only try such issues and render such judgment as the court appealed from could have tried and rendered.  *Kelley* v. *Taylor*, 17 Pick. 218, 221.  It is clear that if the *ad damnum* of the writ as entered in the District Court had been $2,000 the case would have been beyond the jurisdiction of that court.  *Ashuelot Bank* v. *Pearson*, 14 Gray, 521.  *Ladd* v. *Kimball*, 12 Gray, 139.  That court could no doubt have allowed an amendment reducing the *ad damnum* so as to bring the case within its jurisdiction, but in the absence of such an amendment any judgment rendered by it would have been void.  *Hart* v. *Waitt*, 3 Allen, 532.  The case in the appellate court is a mere continuation of the original case, and though amendments may be allowed in the appellate court, R. L. c. 173, § 23, *Fels* v. *Raymond*, 134 Mass. 376, the amendments must be such, so far at least as they affect the question of jurisdiction, as could have been made in the court whose judgment is appealed from.  See, as supporting the general doctrine that an appeal is merely a continuation of the original case, *Union Pacific Railway* v. *Ogilvy*, 18 Neb. 638; *Bickett* v. *Garner*, 21 Ohio St. 659.

The plaintiff contends that the Superior Court had power to allow the amendment under R. L. c. 173, § 97, which provides, with certain exceptions not now material, that, after an appeal

from " the judgment of a police, district or municipal court or trial justice in a civil action " has been entered in the Superior Court the case " shall be there tried and determined as if it had been originally commenced there." But the object of this provision is simply to enable parties to have their rights determined in the appellate court without regard to any judgment or determination that may have been rendered in the court below. *Lew* v. *Lowell,* 6 Allen, 25, 27. *Ball* v. *Burke,* 11 Cush. 80, 82. The right of appeal is wholly a statutory right, and, without some such provision as that referred to, parties would be confined to the issues and evidence presented in the court below. That this is the true construction of the statute is also shown, we think, by its history. See Prov. St. 1697, c. 8, §§ 1, 2, 1 Prov. Laws, (State ed.) 282; St. 1783, c. 42, § 6; St. 1825, c. 89, § 2; Rev. Sts. c. 85, § 13; c. 87, § 36; Gen. Sts. c. 120, § 25; c. 116, § 32; Pub. Sts. c. 155, § 28; c. 154, § 39; St. 1893, c. 396, § 24; R. L. c. 173, § 97.

The construction contended for by the plaintiff would require us to import into the statutes an exception in appealed cases to the limit of the jurisdiction of the court appealed from, notwithstanding no such exception has ever been incorporated into any of the statutes relating to appeals from justices of the peace, trial justices or from police, district, or municipal courts. This, though not conclusive, furnishes a strong argument against the soundness of the construction contended for.

The plaintiff relies upon cases from New York and Wisconsin. *Jackson* v. *Covert,* 5 Wend. 139. *Palmer* v. *Wylie,* 19 Johns. 276. *Dressler* v. *Davis,* 12 Wis. 58. *Hare* v. *Marsh,* 61 Wis. 435. The statute in New York differs somewhat from our own statute, and the highest court in Wisconsin was of opinion that their own statute so closely resembled that of New York as to warrant them in following the decisions of the courts of that State. It is perhaps a matter on which courts of last resort might differ, but we think that the construction which we have given to our own statute is the correct one.

*Judgment reversed; order allowing motion set aside.*