GIUSEPPE GUARINO *vs.* MICHELE RUSSO.

Suffolk.   March 11, 1913. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Malicious Prosecution.   Trustee Process.   Practice, Civil,* Amendment.

The Superior Court has no power, after the commencement by trustee process of an action of tort for conversion and malicious use of civil process, to allow amendments changing the writ to one of summons and attachment and adding to the declaration a count for malicious prosecution, because the allowance of such an amendment would establish conclusively that the action originally was intended to be brought for malicious prosecution, and under R. L. c. 189, § 1, the court has no jurisdiction of such an action brought by trustee process.

TORT, the original declaration containing four counts, the first two counts being for conversion of money, the third count for false arrest and the fourth for malicious use of civil process. Writ of trustee process dated March 19, 1908.

In the Superior Court the case was tried before *Fessenden,* J. After the trial had begun, the presiding judge, subject to exceptions by the defendant, allowed a motion by the plaintiff to amend his writ from a writ of trustee process into a writ of summons and attachment, and thereafter allowed another motion of the plaintiff to add to his declaration a fifth count for malicious prosecution.

The jury found for the plaintiff in the sum of $47.48 on the first count, for the defendant on the second, third and fourth counts, and for the plaintiff in the sum of $900 on the fifth count.

The defendant alleged exceptions.

*J. Lowell & K. Howes,* for the defendant.

*W. R. Buckminster,* (*J. E. Crowley* with him,) for the plaintiff.

RUGG, C. J. The decisive question presented in this case is whether an action of tort begun by trustee process can be amended by striking out the portions of the writ which make it trustee process, so as to enable it to be maintained for malicious prosecution. The determination involves a construction of statutes. There is no inherent or constitutional reason why such amendments cannot be allowed. The only inquiry is whether the Legislature permits such amendments.

R. L. c. 189, § 1, provides that "all personal actions, except actions of tort for malicious prosecution, for slander or libel or for assault and battery and actions of replevin, may be commenced by the trustee process." This language is an unequivocal prohibition against the commencement of an action for malicious prosecution by trustee process. It has been the continuous statute of the Commonwealth touching actions of this sort since St. 1794, c. 65, § 1. See Rev. Sts. c. 109, §§ 1, 17; Gen. Sts. c. 142, §§ 1, 75; Pub. Sts. c. 183, § 1. R. L. c. 173, § 48, which authorizes the allowance of any "amendment in matter of form or substance . . . which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or which may enable the defendant to make a legal defense" must be interpreted in the light of this express inhibition. Within its field the statute permitting amendments is given a broad and liberal interpretation; but it cannot override other equally clear statutes.

The commencement of an action means *prima facie* the date of the writ. *Gardner* v. *Webber,* 17 Pick. 407, 412. Subsequent amendments adding new counts are allowable to enable the plaintiff to sustain the cause of action for which he intended to bring his writ, and the allowance of an amendment by the trial judge conclusively establishes the existence of that initial intent. R. L. c. 173, § 121. *Tracy* v. *Boston & Northern Street Railway,* 204 Mass. 13. Therefore the situation is that the plaintiff commenced his action by trustee process, then intending to include within its scope an action for malicious prosecution, although the count setting out this ground was added later.

The explicit prohibition of the statute against commencement by trustee process of actions for malicious prosecution goes to the validity of the action and to the jurisdiction of the

court. It cannot be cured by amendment. *Hall* v. *Hall,* 200 Mass. 194.

It is not necessary to review the numerous cases where this court has given a liberal construction to the statute allowing amendments. Such is its settled policy in interpreting and applying remedial statutes. But when the Legislature has seen fit expressly to prohibit the commencement of any action by a specified process, it is not reasonably possible to circumvent that plain mandate by the allowance of an amendment, which would transform the action into one of the prohibited kind. See *Church* v. *Phillips,* 157 Mass. 566.

The exceptions must be sustained unless the plaintiff within fifteen days from the date of the rescript is permitted to amend his declaration by striking out the fifth count of his declaration and files a remittitur of the amount awarded as damages on that count.

*So ordered.*