WILLIAM F. MacCORMAC *vs.* JOHN H. HANNAN.

Middlesex.    January 9, 1924. — February 27, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Trustee Process.   Pleading, Civil,* Declaration.   *Practice, Civil,* Amendment.   *Malicious Prosecution.   Libel.   Jurisdiction.*

In an action of tort commenced by trustee process, the declaration originally was in a single count alleging in substance that the plaintiff, a member of the fire department of Malden, had been unlawfully suspended by the defendant and that the defendant wrongfully and maliciously had caused his decision, made after a hearing and containing untrue statements, to be published in a newspaper to the plaintiff's damage.   The declaration afterwards was amended, containing three counts alleged to be for the same cause of action, charging unlawful suspension, unlawful publication of findings which were untrue, and publication of the findings in a newspaper.   The defendant moved that the action be dismissed on the ground that it was commenced by trustee process and was an action of tort for malicious prosecution, slander and libel.   *Held,* that the action originally was for libel, and therefore the writ in its inception was invalid under G. L. c. 246, § 1; that the invalidity could not be cured by amendment; and that the action should be dismissed.

TORT.   Writ in trustee process dated May 20, 1921.

The case came on to be tried before *Macleod,* J.   After the jury was empanelled, the defendant moved that the action be dismissed for the reason that it was begun by trustee process and was an action of tort for malicious prosecution, slander and libel.   The plaintiff filed an express waiver of any claim of malice or lack of good faith on the part of the defendant.   The trial judge denied the motion, subject to an exception by the defendant.

The trial then proceeded and there was a verdict for the plaintiff in the sum of $1,000.   The defendant alleged exceptions.

*H. L. Boutwell, (F. A. Cross* with him,) for the defendant.

*J. L. Hurley,* for the plaintiff.

CROSBY, J.   This is an action of tort commenced by trustee process.   The original declaration was in one count.

It alleged that the plaintiff is a veteran of the World War; that with the approval of the civil service commission he was appointed a fireman in the fire department of the city of Malden; that thereafter the defendant, as fire commissioner of the city, by a written order suspended the plaintiff from his position for a period of thirty days; that the order was published in a newspaper, and on the bulletin boards of the several fire stations in Malden; that such suspension was unlawful; that a public hearing was held upon the suspension, as a result of which the defendant issued a written decision acknowledging that the suspension was illegal, and reconsidered the order; that the decision also contained a finding that the plaintiff was guilty of neglect of duty, and of conduct unbecoming a member of the department; that the finding was published in a local newspaper, and copies thereof were placed upon the bulletin boards of the several fire stations in Malden; that the acts of the defendant in suspending the plaintiff, causing to be published the order of suspension, holding the hearing, making the finding and causing it to be published " were wrongful and malicious." The declaration further alleged that by reason of the " unlawful, wrongful, and malicious acts of the defendant " the plaintiff suffered damage.

Thereafter, upon motion, the plaintiff was allowed to amend his declaration by substituting therefor three counts. The first count of the substitute declaration alleges that " the defendant unlawfully and maliciously suspended the plaintiff from the Fire Department of the City of Malden." The second count alleges that the defendant " unlawfully and maliciously suspended the plaintiff from his position as fireman, by a written order . . . ; " that the defendant " unlawfully held a public hearing upon the said suspension at which he . . . presided; that pursuant to said hearing he made a finding in which he stated that the plaintiff was, in his opinion, guilty of serious neglect of duty and conduct unbecoming a member of the fire department." The third count contains allegations similar to those in the second count and also alleges " that the said finding was published in the Malden Evening News of April 30, 1921, a newspaper

having wide circulation in Malden." The substitute declaration recites that all three counts are for one and the same cause of action. The plaintiff filed a waiver of any claim of malice or lack of good faith on the part of the defendant. The defendant moved that the action be dismissed on the ground that it was commenced by trustee process, and was an action of tort for malicious prosecution, slander and libel. The motion was denied and the defendant excepted.

The original declaration apart from other allegations contains a charge of libel. General Laws c. 246, § 1, provides that " All personal actions, except tort for malicious prosecution, for slander or libel of for assault and battery, and except replevin, may be commenced by trustee process . . . ." Actions for libel thus are expressly excluded from those which may be commenced by trustee process. The action was commenced by bringing the writ. At its inception the writ was invalid, and its invalidity could not be cured by amendment. As the action charged libel and was commenced by trustee process, and contrary to the express prohibition of the statute, it was without legal effect, and the court was without jurisdiction to consider the case, and should have allowed the motion to dismiss. The case of *Guarino* v. *Russo*, 215 Mass. 83, is conclusive against the right of the plaintiff to maintain the action. In that case it was said at pages 84, 85, " explicit prohibition of the statute against commencement by trustee process of actions for malicious prosecution goes to the validity of the action and to the jurisdiction of the court. It cannot be cured by amendment. *Hall* v. *Hall*, 200 Mass. 194." The language quoted is equally applicable to actions for libel commenced by trustee process.

As the court was without jurisdiction the action must be dismissed. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, 356.

*So ordered.*