SUMNER L. POORVU *vs.* HERMAN WEISBERG.

HERMAN WEISBERG *vs.* SUMNER POORVU & another.

Suffolk.    March 9, 1934. — May 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Election, Cross action, Amendment. *Trustee Process. Jurisdiction. Slander. Bills and Notes,* Consideration. *Mortgage,* Of real estate: construction loan mortgage. *Contract,* Performance and breach, Validity. *Interest.*

The defendant in an action upon a promissory note in his answer set up several matters in recoupment, and he also brought a cross action, declaring upon the same causes of action as he had set up in recoupment in the action against him, and also upon other causes. On the eighth day of the trial of the two actions together, the plaintiff in the action on the note moved that the defendant "be compelled to elect between reliance upon his answer in the first case and his writ and declaration in the second case," and the judge ruled that the defendant "must now elect whether he will rely upon the allegations in recoupment in the answer in the suit in which he is the defendant, or upon the same matters alleged in the declaration in the suit in which he is plaintiff," and allowed the motion. After saving his exception to such ruling, the defendant elected "to go forward in the cross action." *Held,* that the action of the judge was in accordance with the present preferable practice and disclosed no error.

The cross action above described was begun by trustee process. The declaration was in seven counts, in two of which were charges of slander

of title and slander of the business reputation of the plaintiff. The defendant in the cross action moved that the action be dismissed for want of jurisdiction, and the plaintiff in that action moved that the counts containing the charges of slander be struck out. The plaintiff's motion was denied and the defendant's motion was allowed. Upon exceptions by the plaintiff, it was *held,* that

(1) The action properly was dismissed, the court, under G. L. (Ter. Ed.) c. 246, § 1, having no jurisdiction of such an action when begun by trustee process;

(2) The plaintiff's motion to amend properly was denied: the court had no power to allow amendments to the declaration in an action of which it had no jurisdiction.

At the trial of an action for a balance remaining due upon a promissory note after a sale in foreclosure of a mortgage given to secure its payment, it appeared that the amount due was not in dispute, unless, as the defendant contended, violations by the plaintiff of a construction loan agreement, executed by the parties at the same time when the note and mortgage were executed, barred recovery. A verdict for the plaintiff was ordered. *Held,* that

(1) The consideration for the note was not the construction loan agreement but the money advanced under the agreement, the agreement being collateral to the note;

(2) The alleged breach of the construction loan agreement constituted no defence to the action; the exclusive remedy for such breach was by way of a cross action;

(3) The verdict properly was ordered.

Parties may contract for any rate of interest which they choose and it is immaterial that the agreement is unconscionable; interest at a rate greater than six per cent may be recovered if the agreement therefor is in writing.

No fraud nor unfair dealing having entered into the making of an agreement between a mortgagor and mortgagee which included the allowance to the mortgagee of a certain bonus and commission, the mortgagee, in an accounting following foreclosure, was entitled thereto.

CONTRACT for a balance remaining due upon a promissory note after a sale in foreclosure of a mortgage given to secure its payment. Writ dated June 1, 1928. Also an action of

CONTRACT OR TORT. Writ dated February 20, 1931.

The writ and allegations in the declaration in the second action are described in the opinion.

The answer in the first action, as amended, was as follows:

"Now comes the defendant in the above entitled action and for answer denies each and every allegation in the plaintiff's writ and declaration contained as though the same were separately set forth and separately denied.

"And further answering the defendant says that if he

ever owed the plaintiff anything the same has been fully paid.

"And further answering the defendant says that if he owes the plaintiff any amount then the plaintiff owes him at least the sum of $23,862.33.

"And further answering the defendant says that on or about May 25, 1927, the plaintiff and the defendant entered into a contract whereby the defendant executed and delivered to the plaintiff the note sued on secured by the mortgage referred to in the declaration upon a parcel of land in the city of Marlborough, and agreed to erect stores upon the said land; that the plaintiff agreed to advance to the defendant certain sums of money at certain stages in the completion of the buildings and at certain times; that the defendant performed everything he was to perform under the agreement but that the plaintiff failed, neglected and refused to advance the payments as they became due and to carry out the terms of the construction loan agreement, whereby the defendant was put to great loss and expense and was damaged at least to the extent of the money claimed by the plaintiff to be owed him by the defendant. Wherefore the defendant says that judgment should be entered for the defendant.

"And further answering the defendant says that the plaintiff, Sumner Poorvu, and one Harris Poorvu, the father of the plaintiff, entered into an illegal and unlawful conspiracy to cheat and defraud the defendant of his money and realty and services by procuring the defendant to furnish land, labor, materials and money, and other persons to furnish labor and materials for the construction of certain buildings in the city of Marlborough, and securing the defendant to execute the note declared upon and the mortgage referred to in the declaration without any intention of paying for the same; that in furtherance of this conspiracy the plaintiff and the said Harris Poorvu caused to be drawn up a certain construction loan agreement with extortionate terms and induced the defendant to execute the said agreement by representations that advances would be made to the defendant on Fridays in accordance with the custom of construction mortgagees in order that material men and laborers might

be paid on Saturdays, and that the plaintiff and the said
Harris Poorvu would make all possible efforts to secure
tenants for the stores and other buildings on the land, and to
secure a customer to purchase the stores and other buildings,
and would perform speedily everything agreed by the plain-
tiff to be performed; that the plaintiff never intended to per-
form and never intended to secure customers to purchase the
stores and other buildings from the defendant, or customers
to lease and rent the stores and other buildings from the
defendant, but intended to deprive the defendant of his land
and his money and his services without just compensation;
that the plaintiff made representations to persons interested
in purchasing the land and buildings and to persons inter-
ested in leasing and renting the buildings that the defendant
was an irresponsible person financially and that it was not
safe to do business with the defendant, and attempted to
have the buildings condemned and to interfere with their
construction, as a consequence of which false and malicious
representations and actions the defendant was prevented
from making advantageous business relationships and was
deprived of the normal business expectancy of renting and
selling the buildings, and was caused to suffer the loss of
money and materials, and was deprived of land and build-
ings; that in pursuance of the conspiracy the plaintiff deliber-
ately put the defendant into a financially desperate position
and foreclosed the mortgage and deprived the defendant of
his land and his money and his services.  And the defendant
says that the land and the money and the services of which
he was deprived by the plaintiff and the said Harris Poorvu
as a result of the said illegal conspiracy and fraudulent
scheme were at least equal in value to the amount of the
plaintiff's claim.  Wherefore the defendant says that judg-
ment should be entered for the defendant.

"And further answering the defendant says that he was
the owner of land with buildings thereon in the city of Marl-·
borough; that the plaintiff was the holder of the mortgage
upon the said land given to secure the note declared upon;
that the defendant entered into negotiations for the sale of
the said land and buildings; that the plaintiff circulated

false statements about the defendant's financial condition and maliciously interfered with the advantageous business relationship which the defendant had the right to expect would probably result from his ownership and his negotiations; that the plaintiff told prospective purchasers that he was the real owner and that the defendant was not the real owner and that if the said prospective purchasers would wait a short time they could buy the property cheaper from him. And the defendant says that but for such unjustified and malicious interference the plaintiff would have been able to obtain the advantages of selling the property or of renting the property and that he was deprived of the opportunity to sell the property or to rent the property by the said acts of the plaintiff, and lost thereby an amount at least equal to the amount claimed by the plaintiff from the defendant. Wherefore the defendant says that judgment should be for the defendant.

"And further answering the defendant says that he was the owner of certain land in the city of Marlborough with buildings thereon and that the plaintiff was the mortgagee of the said land, holding the mortgage mentioned in the declaration; that the plaintiff as mortgagee has already obtained a sum in excess of what was due him as mortgagee. Wherefore the defendant says that judgment should be for the defendant.

"And further answering the defendant says that the plaintiff converted to himself money and property of the defendant in excess of the sum claimed to be due the plaintiff from the defendant. Wherefore the defendant says that judgment should be entered for the defendant.

"And further answering the defendant says that the amount declared on never was advanced on the note and mortgage mentioned in the declaration and that the plaintiff has been fully paid to the extent of the amount actually advanced. Wherefore the defendant says that judgment should be entered for the defendant.

"And further answering the defendant says that in equity and good conscience there is nothing due the plaintiff from the defendant because the construction loan agreement under

which advances were made, and the note and mortgage given, were extortionate and inequitable and unfair and the defendant has been overcharged at least the amount declared on. Wherefore the defendant says that judgment should be entered for the defendant.

"And further answering the defendant says that the plaintiff and the defendant entered into a contract whereby the defendant was to execute and deliver to the plaintiff a promissory note in the sum of $75,000 secured by a mortgage upon a parcel of land in the city of Marlborough, and agreed to erect stores upon the said land; that the plaintiff agreed to advance to the defendant certain sums of money to the extent of $75,000 at certain stages in the completion of the buildings, and to make payments and advances on Fridays; that the defendant performed everything he was to perform under the agreement, and executed and delivered to the plaintiff the note and the mortgage, and erected the stores, but that the plaintiff failed, neglected and refused to advance the payments as they became due, and to make advances and payments on Fridays, and to carry out the terms of his agreement, whereby the defendant was put to great loss and expense equal at least to the amount claimed by the plaintiff, and owes the plaintiff nothing."

The actions were tried together in the Superior Court before *Greenhalge,* J. Material evidence and rulings made by the judge during the trial are described in the opinion. At the close of the evidence, Weisberg asked for and the judge refused, the following rulings:

"1. This is a transaction where there is a mortgage to secure future advances.

"2. When such a mortgage is made in terms to secure a note for a round sum, the actual advances, or liabilities, or whatever is in fact covered by the mortgage may be shown by parol, and must be proved by the plaintiff.

"3. The one and one quarter per cent per month provision for interest may be found by the jury under the issues unconscionable and unenforceable.

"4. One per cent a month provision for interest with $1,000 inspection fee provided for in the construction loan

agreement may be found by the jury to be unconscionable and unenforceable.

"5. The plaintiff can recover no one per cent or one and one quarter per cent per month interest charges except so long as he was bound to have the construction loan money available."

"7. If the jury find that the contract between the parties was silent as to the interest after maturity, only six per cent per annum interest can be charged.

"8. The defendant may be found on the evidence not to be chargeable for any interest on the $200 Samuel Poorvu, so called, item, or for that $200 as an advance, unless he received the benefit of it.

"9. As the note does not call for interest until after the maturity thereof, the deduction of $5000 for interest in advance by the plaintiff was improper, and should be deducted from all sums advanced.

"10. The present usury law of this Commonwealth is that no greater rate of interest than six per cent per year shall be lawful unless there is an agreement in writing.

"11. If the jury find that Weisberg literally had performed his contract on November 25, 1927, the jury may find that the plaintiff is not entitled to one and one quarter per cent per month from that time on.

"12. If the jury find that the property which the plaintiff bought at the foreclosure sale for $50,000 had a fair market value at that time of at least $75,000, the jury may find that the note is paid, and may find for the defendant.

"13. This contract as to interest is unconscionable and unenforceable.

"14. Unless the plaintiff had in cash or available as cash $75,000 at all times from the making of the contract until the termination of the work, he was not entitled to recover the $4500 deducted as interest on that amount, and said $4500 should be credited to Herman Weisberg."

By order of the judge, the second action was dismissed for lack of jurisdiction, and a verdict was returned for the plaintiff in the first action in the sum of $33,903.62. Weisberg alleged exceptions.

*M. Michelson,* for Weisberg.

*J. J. Kaplan,* (*L. B. Newman* with him,) for Poorvu.

PIERCE, J. These two actions were tried together to a jury in the Superior Court. The first action, in two counts, is on a promissory note of $75,000 to recover a balance of $23,862.33. The second is in contract or tort, and is brought by the defendant in the first action against the plaintiff in that action and one Harris Poorvu. The second action was brought by trustee writ. One alleged trustee answered funds and two answered no funds. In the first action the defendant's answer was a general denial, payment, various breaches of contract, and tortious actions of Sumner L. Poorvu and Harris Poorvu, which were set up as matters in recoupment.

The declaration in the second action is in seven counts, classified by Weisberg in his brief as follows: Count 1 is for breach of contract by the defendants Poorvu to advance money to the plaintiff at certain stages in the construction of a building. Count 2 reads: "And the plaintiff says that the defendants entered into an illegal and unlawful conspiracy to cheat and defraud the plaintiff of his money and realty and services by procuring the plaintiff to furnish land, labor, materials and money, and other persons to furnish labor and materials for the construction of certain buildings in the city of Marlborough, and securing the plaintiff to execute a note and mortgage upon the said land in the city of Marlborough without any intention of paying for the same; that in furtherance of this conspiracy the defendants caused to be drawn a certain construction loan agreement and induced the plaintiff to execute the said agreement by representations that advances would be made to the plaintiff on Fridays in accordance with the custom of construction mortgagees in order that material men and laborers might be paid on Saturdays, and that the defendants would make all possible efforts to secure tenants for the stores and other buildings on the land, and to secure customers to purchase the stores and other buildings, and would perform speedily everything agreed by the defendants to be performed; that the defendants never intended

to perform and never intended to secure customers to purchase the stores and other buildings from the plaintiff, or customers to lease and rent the stores and other buildings, but intended to deprive the plaintiff of his land and his money and his services without just compensation; that the defendants made representations to persons interested in purchasing the land and buildings and to persons interested in leasing and renting the buildings that the plaintiff was an irresponsible person financially and that it was not safe to do business with the plaintiff and the defendants were the real owners of the land, and the defendants interfered with the construction of the buildings and hindered and delayed the plaintiff, as a consequence of which false and malicious representations and actions the plaintiff was prevented from making advantageous business relationships and was deprived of the normal business expectancy of renting and selling the buildings, and was caused to suffer the loss of money and materials, and was deprived of his land and buildings; that in pursuance of the conspiracy the defendants deliberately put the plaintiff into a financially desperate position and foreclosed the construction mortgage and deprived the plaintiff of his land and his money and his services, — all to the plaintiff's great damage.'' Count 3 is for maliciously inducing the breach of a contract between the plaintiff and a third person. Count 4 reads: ''And the plaintiff says that he was the owner of land with buildings thereon in the city of Marlborough; that the defendant Sumner Poorvu was the holder of a construction mortgage upon the said land; that the defendant Harris Poorvu is the father of Sumner Poorvu; that the plaintiff entered into negotiations for the sale and the lease of the said land and buildings thereon; that the defendants circulated false statements about the plaintiff's financial condition and maliciously interfered with the advantageous business relationship which the plaintiff had the right to expect would probably result from his ownership and his negotiations; that the defendants told prospective purchasers and lessees that they were the real owners and that the plaintiff was not the real owner and that if the said

prospective purchasers and lessees would wait a short time they could do business more reasonably with the defendants, and the plaintiff says that but for such unjustified and malicious statements and interference the plaintiff would have been able to obtain the advantages of selling the property or of renting the property and that he was deprived of the opportunity to sell the property or to rent the property by the said acts of the defendants, — all to the plaintiff's great damage." Count 5 declares for a sum obtained by the defendants Poorvu in excess of what was due them as mortgagees. Count 6 is for conversion. Count 7 is for breach of contract by the defendants Poorvu to advance money at certain times.

Although it is not stated in the declaration that the several counts are for the same cause of action (and obviously they are not), they, nevertheless, in substance are for identical matters set out in the answer to the first action. This becomes obvious when the paragraphs of the answer are set against the counts in the cross action in parallel columns. Two paragraphs of the answer, in substance, respectively set up that the amount declared on was never advanced and that "the construction loan agreement under which advances were made, and the note and mortgage given, were extortionate and inequitable and unfair and the defendant has been overcharged at least the amount declared on."

From the opening statement on behalf of Herman Weisberg, which must be taken to be true for the purpose of these exceptions, *Gray* v. *Boston*, 277 Mass. 166, *Massachusetts Hospital Life Ins. Co.* v. *Nesson, ante,* 216, and upon the evidence introduced, the following facts were not in issue: Weisberg on May 25, 1927, signed the six months' note and the construction loan agreement in suit calling for one and one quarter per cent interest per month after maturity. There was advanced on the note the sum of $63,100, of which $40,000 was advanced at the time of signing the note and the balance at the time and in the amounts shown by the receipts of Weisberg. In addition, as shown by an agreement attached to Weisberg's declaration, the

mortgagee, Poorvu, was entitled to an additional $5,500 for compensation and inspection fee, making a total of $68,600. Credit was given by Poorvu for $50,000 realized on the foreclosure sale, leaving a balance of $18,600. The court allowed a deduction of $200 which had been charged by Poorvu against Weisberg in connection with one of the payments, leaving a net amount of $18,400 upon which interest was figured as provided in the note and agreement and the verdict in question calculated.

Summarily stated, the action of Poorvu against Weisberg was for a balance of $18,400, with respect to which the receipt of the money was admitted and the existence of the liability not in dispute, unless the matter set up by way of answer and cross action was a defence.

After the trial had proceeded for about eight days, while a witness for Weisberg was on the stand and evidence had been introduced tending to establish the alleged false statements, interference and breach of the construction contract, Poorvu filed a motion that Weisberg "be compelled to elect between reliance upon his answer in the first case and his writ and declaration in the second case." On this motion the judge ruled that Weisberg "must now elect whether he will rely upon the allegations in recoupment in the answer in the suit in which he is the defendant, or upon the same matters alleged in the declaration in the suit in which he is plaintiff." Weisberg excepted to the ruling and elected as follows: "Upon the matters referred to in the court's ruling, compelling election, Herman Weisberg elects now, subject to his objection and exception duly noted and saved, to go forward in the cross action, No. 259,503."

It was formerly the practice in an action at law, where the defendant pleaded damages in recoupment and also sought the same damages on the same state of facts, to permit the jury to consider them in answer to the first suit and award any excess found over the plaintiff's claim to the defendant in his cross action. *Cook* v. *Castner*, 9 Cush. 266. *Star Glass Co.* v. *Morey*, 108 Mass. 570, 573. This practice was followed, by a trial judge sitting without a jury, in *Learned* v. *Hamburger*, 245 Mass. 461, 473, and in *Zarthar* v. *Saliba*, 282

Mass. 558, 560, but the preferable practice in accordance with a suggestion of Knowlton, C. J., in *Cox* v. *Wiley,* 183 Mass. 410, is for the trial judge to compel the claimant defendant to elect between the answer in recoupment and the cross action when, in his opinion, the proper conduct of the trial requires such action. *Hebert* v. *Dewey,* 191 Mass. 403, 407. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. *Lynch* v. *Culhane,* 241 Mass. 219, 222. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 71. *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147.

The defendants Poorvu moved that the action of Herman Weisberg against Sumner Poorvu and Harris Poorvu be dismissed for want of jurisdiction. The motion was allowed. Sumner Poorvu then moved for a directed verdict for the plaintiff in the case of Sumner L. Poorvu against Herman Weisberg. This motion was allowed.

G. L. (Ter. Ed.) c. 246, § 1, reads: "All personal actions, except tort for malicious prosecution, for slander or libel or for assault and battery, and except replevin, may be commenced by trustee process." This court construing the provisions of Pub. Sts. c. 183, § 1, which is similar in its provisions to G. L. (Ter. Ed.) c. 246, § 1, held in *McDonald* v. *Green,* 176 Mass. 113, that the provisions of Pub. Sts. c. 183, § 1, were applicable and should be applied to actions of tort in which the wrong complained of is the writing or speaking of words designed to injure the plaintiff in his property, as well as those defamatory of his person or reputation; and that an action of tort for slander, regardless of the pleadings, cannot be commenced by trustee process and if begun should be dismissed. It was held in *MacCormac* v. *Hannan,* 248 Mass. 86, citing *Guarino* v. *Russo,* 215 Mass. 83, and *Hall* v. *Hall,* 200 Mass. 194, that the express prohibition of the statute (quoted) goes to the validity of the action, and to the jurisdiction of the court, and that this invalidity cannot be cured by amendment.

A reading of counts 2 and 4 of the declaration in the cross action shows, among other possible tort wrongs to the plaintiff, charges that the defendants Poorvu circulated false statements "about the plaintiff's financial condition"

and that the defendants "told prospective purchasers and lessees that they [the defendants] were the real owners [of the land and buildings thereon] and that the plaintiff was not the real owner." Whatever other wrongs are alleged in counts 2 and 4 as, for example, that the defendants maliciously interfered with and prevented the formation of contracts which the plaintiff would otherwise have made, *Godin* v. *Niebuhr*, 236 Mass. 350, *Temperton* v. *Russell*, [1893] 1 Q. B. 715, 728, it is plain that these counts contain charges of slander of title and slander of the business reputation of the plaintiff. It follows that there was no error in granting the motion to dismiss. The motion of the plaintiff to strike counts 2 and 4 from the declaration was denied rightly. The writ was issued wrongly and the court was without jurisdiction to allow amendments to the declaration. *MacCormac* v. *Hannan*, 248 Mass. 86.

In the case of Poorvu against Weisberg the motion of the defendant to amend his answer called for action which was within the discretion of the judge. In refusing to allow the amendments the trial judge stated: "Upon the consideration of the motion to amend the answer I rule that the matters and things therein alleged whether or not proper subjects of recoupment, do not constitute a defence to the note and in my discretion as affected by said ruling I deny the motion." The defendant contends that the trial judge was in error because the note, mortgage and agreement were to be considered together, and that the answer should have been allowed to be filed to permit the defendant thereunder "to show violations by the plaintiff of express and implied conditions of the contract and damage caused the defendant thereby"; also, that the amendment to the answer should have been allowed to permit the defendant thereunder to show a failure of consideration and a refusal of the plaintiff to perform his obligations under the contract, citing *Sipley* v. *Stickney*, 190 Mass. 43.

We think it clearly appears from the construction loan agreement that the consideration for the note is not the agreement but the money advanced under the agreement; that the agreement is collateral to the note and not the

consideration for any of the promises of the note. There is no allegation of any failure of the money, but it is alleged that the plaintiff refused to make the advances when due and this incommoded the defendant and hindered him in the full performance of his counter promise contained in the note to his damage, and that the plaintiff ought to recover only the amount which measures the benefit to the defendant. *Gillis* v. *Cobe,* 177 Mass. 584. The alleged breach of the construction loan agreement constitutes no defence to the note but is exclusively the basis of an independent cross action. *Loveland* v. *Epstein Drug Co.* 227 Mass. 311, 314. *Isenburger* v. *Hotel Reynolds Co.* 177 Mass. 455, 457. *Knitted Mattress Co.* v. *Griggs,* 154 Mass. 5. The provisions of G. L. c. 107, § 51, as to absence or failure of consideration are not here applicable.

Ruling numbered 1, requested by the defendant Weisberg, suggests nothing that is material to the issue. Ruling numbered 2 describes accurately the procedure which was followed. Requested rulings numbered 3, 4, and 13 are limited by the rule of substantive law that parties may contract for any rate of interest they choose and it is immaterial that the agreement is unconscionable. *Lamprey* v. *Mason,* 148 Mass. 231. G. L. c. 107, § 3. If the agreement is in writing, as here, interest at a rate greater than six per cent may be recovered. In respect to the compensation of $5,500 for the loan, this is governed by *Mainland* v. *Upjohn,* 41 Ch. D. 126, cited in *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282, 288, wherein it is stated that *Mainland* v. *Upjohn* decided that "the advances having been made upon a security of a speculative character, the court in taking the account would allow the mortgagee the sums actually deducted by him for commissions or bonuses, at the times of making the advances, provided the deductions were made as part of the mortgage contract, under a bargain deliberately entered into by the parties while on equal terms." Weisberg knew what he was doing when he signed the application for the loan, printed in the record; he was on equal terms with Harris Poorvu, and there is no testimony to show an improper promise or unfair dealing on Poorvu's

part in respect to the making of the application. Requested rulings numbered 5, 11, and 14, so far as they relate to the charge of $4,500 are within the authority of *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282, 287. As to the charge of one and one quarter per cent interest per month after maturity, this was on the amount actually advanced to a total of $62,900 and on the $5,500 charged as compensation due and payable after the maturity of the note. *Tripp* v. *Babcock,* 195 Mass. 1, is not pertinent. Requests numbered 7 and 10 have no application because the agreement as to interest was in writing. Request numbered 8 was covered by the charge to the jury ordering a recovery of $18,400 which does not include the so called Samuel Poorvu item. Request numbered 9 is plainly inconsistent with the clear terms of the loan agreement. Request numbered 12 seeks instructions on the rule applicable to foreclosure of mortgages in bad faith. *Krassin* v. *Moskowitz,* 275 Mass. 80. There was no evidence that there was any bad faith in the foreclosure of the mortgage. It follows that there was no error in refusing instructions as to such a possible situation. Weisberg's testimony as to the amount of money he received agrees with the total of the amounts he receipted on the loan agreement. Interest on an amount including $5,500 made up of $4,500 as compensation for the loan and $1,000 inspection fee was properly allowed because such a sum was owed to the plaintiff and was payable after the due date of the note, the terms of which called for interest after maturity. We find no testimony to warrant a ruling or finding that the plaintiff Poorvu wilfully violated his contract which was admissible under the answer in the principal action, whatever force the testimony in that regard might have if presented in an independent action.

In each action the entry must be

*Exceptions overruled.*