EMILY M. REDFIELD *vs.* ABBOTT SHOE COMPANY.

Suffolk.   November 10, 1955. — February 6, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Attachment.   Trustee Process.   Practice, Civil,* Motion to dismiss.

A motion to dismiss an action at law lies when grounded on matter apparent on the face of the record.   [552]

The limitation imposed by G. L. (Ter. Ed.) c. 223, § 42A, inserted by St. 1943, c. 234, § 1, on the amount for which an attachment "shall be made" applies only to the amount actually attached and not to the ad damnum.   [553]

An action for principal and interest on a promissory note commenced by a trustee writ with an ad damnum more than twice the amount of the claim was not in violation of G. L. (Ter. Ed.) c. 223, § 42A, inserted by St. 1943, c. 234, § 1, where the amount actually attached by service on the trustee was substantially less than the amount of the claim. [553]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated November 9, 1954.

A motion to dismiss was heard by *Tomasello,* J.

*Maurice H. Kramer,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RONAN, J.   The plaintiff, the holder and payee of a promissory note, brought this action of contract against the defendant, the maker of said note, to collect $1,000, the principal of the note, and interest of $174.18.   The note

was dated December 15, 1951, and due June 15, 1952. This action was commenced by trustee process in which a bank was named as trustee. The trustee answered that, at the time of the service of the writ upon it, it had on its books a credit of $670.36 after deducting $5 in connection with the service of the process upon it, and that its records also disclosed an outstanding unsecured indebtedness amounting to $12,500 maturing December 23, 1954; that it reserved all rights of set-off as provided by law; and that it had no knowledge whether the said credit is in fact the goods, effects, or credits of the defendant, and submitted itself to examination. The ad damnum of the writ was $3,000. The defendant filed a motion to dismiss on the ground that the action was in violation of G. L. (Ter. Ed.) c. 223, § 42A, inserted by St. 1943, c. 234, § 1. After a hearing upon the motion to dismiss, the judge took the following action as appears from the docket: "The court on its own motion. Ad damnum of writ is reduced to $1,500. Deft's motion to dismiss denied." Subsequently the judge signed a report which concluded as follows: "The defendant claiming to be aggrieved by the denial of its motion to dismiss and by the court's failure to pass upon its requests for rulings, I hereby report the same to the Appellate Division for determination." The Appellate Division dismissed the report and the defendant appealed to this court.

The failure of the judge to pass upon any of the defendant's requests for rulings was the equivalent of their denial. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. We need not consider the requests separately for the defendant makes the single contention that there was error in the denial of its motion. A motion to dismiss lies if an error of law is shown upon the face of the record. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54, 55. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 169. *Chandler* v. *Dunlop*, 311 Mass. 1, 4.

The defendant contends that trustee process was void and beyond the jurisdiction of the court to entertain because the maintenance of an action by a trustee writ with

an ad damnum of $3,000 on a claim amounting to $1,174.18 alleged to be due on the defendant's note was for a larger sum than permitted by G. L. (Ter. Ed.) c. 223, § 42A, inserted by St. 1943, c. 234, § 1. That statute reads as follows: "In an action or suit for an amount which is liquidated or ascertainable by calculation, no attachment by trustee process or otherwise shall be made for a larger sum than the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action." It does not appear that any attachment was made on any property except that held by the bank named as trustee. It is indisputable that the only amount that the plaintiff has actually attached was $670.36. The section only prescribes the limitation of the amount for which an attachment "shall be made." No attachment was made in excess of this amount.

The defendant would have us read § 42A as meaning that the mere serving of a trustee writ upon one named as trustee in an action for an amount liquidated or ascertainable by calculation, where the ad damnum is unreasonably in excess of that amount together with costs, constitutes a violation of that section. We do not agree. As already shown this section applies only to actual attachments. Its legislative history supports that view. It first appeared in our statutes as St. 1943, c. 234, § 1. The second section of this c. 234 amended G. L. (Ter. Ed.) c. 223, § 114, which then so far as material read as follows: "If an excessive or unreasonable attachment, by trustee process or otherwise, is made on mesne process, the defendant or person whose property has been attached may apply in writing . . . to a justice of the court to which such process is returnable, for a reduction of the amount of the attachment or for its discharge . . . . If, upon a summary hearing of the parties, it is found that the action is one to recover for an amount which is liquidated or ascertainable by calculation, and the attachment is for a larger sum than the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be

taxed . . . the court shall reduce or dissolve the attachment . . . ." These two sections, § 42A and § 114, are different parts of the same chapter and must, if possible, be construed as harmonious parts of the same legislative act. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, 17. *Hardman* v. *Collector of Taxes of North Adams*, 317 Mass. 439, 442–443. *School Committee of Gloucester* v. *Gloucester*, 324 Mass. 209, 212. It can hardly be contended that the court had no jurisdiction to hear and determine a case of the kind described in what is now § 42A when at the time this section was enacted a new § 114 was enacted which in terms applied to excessive attachments made under § 42A.

The instant case differs from those coming within G. L. (Ter. Ed.) c. 246, § 1, as amended by St. 1943, c. 17, § 1, barring the commencement by trustee process of actions of tort for malicious prosecution, for slander or libel, or for assault and battery. In such cases the court has no jurisdiction even where only one count of several may be for a cause of action of the precluded kind. *McDonald* v. *Green*, 176 Mass. 113. *Guarino* v. *Russo*, 215 Mass. 83. *MacCormac* v. *Hannan*, 248 Mass. 86. *Poorvu* v. *Weisberg*, 286 Mass. 526. *A. Sandler Co.* v. *Portland Shoe Manuf. Co.* 291 Mass. 326. Neither is it like a case where on appeal from the District Court the ad damnum cannot be raised in the Superior Court beyond the amount of which the District Court then had jurisdiction. *Hall* v. *Hall*, 200 Mass. 194.

It is also worth noticing that while St. 1943, c. 234, § 2, amended § 114, that amendment did not affect the power of the court to reduce or discharge an excessive attachment, a power that was originally given to the court when this statute first appeared in St. 1851, c. 233, § 96.

The defendant is not aided by *Farber* v. *Lubin*, 327 Mass. 128. A motion to dismiss a trustee process was allowed for failure of the plaintiff to comply with G. L. (Ter. Ed.) c. 246, § 1, as amended by St. 1943, c. 17, § 1, which required the plaintiff to file a bond in commencing an action by trustee process where the ad damnum was over $1,000 except in five enumerated classes of cases. One class was an action

"for money due under a contract in writing." The writ in that action was fixed at $2,500 and the plaintiff did not state specifically on the writ that the action was one as described by the quoted words. This amendment by said c. 17, § 1, and what is now G. L. (Ter. Ed.) c. 223, § 42A, were enacted at the same session. The aim of both statutes is to avoid abuses from the use of trustee process. They adopted different means. The first required the filing of a bond by the plaintiff in a great number of cases and the second prohibited excessive and unreasonable attachments and provided a summary remedy to reduce or discharge them.

The defendant was not harmed by the action of the judge of his own volition in reducing the ad damnum to $1,500.

*Order dismissing report*
*affirmed.*