EMILY M. REDFIELD vs. ABBOTT SHOE COMPANY.

Suffolk.    December 5, 1956. — January 3, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Practice, Civil,* Appellate Division: appeal, decision.    *Trustee Process.*
    *Contract,* In writing.

A decision of the Appellate Division dismissing a report of a denial of
    a motion to dismiss an action in a Municipal Court was not a "final
    decision" and an appeal from it to this court did not lie under G. L.
    (Ter. Ed.) c. 231, § 109.
A claim upon a promissory note is a claim for money due under "a con-
    tract in writing" within the exceptions to the requirement of furnish-
    ing a bond in G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943,
    c. 17, § 1.

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated November 9, 1954.

A motion to dismiss was denied by *Gillen,* J.

*Maurice H. Kramer,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

WILKINS, C.J.    This appeal is improperly before us and
must be dismissed.    The action, which is in contract by the
holder and payee of a promissory note against the maker to
recover the principal amount of $1,000 and interest, was
brought in the Municipal Court of the City of Boston.    The
defendant filed a motion to dismiss for lack of jurisdiction,
the ground being violation of G. L. (Ter. Ed.) c. 246, § 1,
as appearing in St. 1943, c. 17, § 1, in that a suit on a prom-
issory note allegedly is not one of the exceptions to the re-
quirement that a bond be furnished in actions commenced
by trustee process where the ad damnum exceeds $1,000.
The trial judge denied the motion, and reported his ruling
to the Appellate Division.    See G. L. (Ter. Ed.) c. 231,
§ 108, as amended.    The Appellate Division dismissed a re-
port.    The defendant's appeal attempts to bring this inter-

locutory ruling here without further proceedings in the trial court.

An appeal to this court "shall lie from the final decision of the appellate division of any district court." G. L. (Ter. Ed.) c. 231, § 109. This means only a final decision. "The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court, and not whether it is the last word of the Appellate Division on the particular aspect of the litigation at the moment pending before it, directing additional proceedings before the trial judge in order that a final conclusion may thereafter be reached." *Real Property Co. Inc.* v. *Pitt,* 230 Mass. 526, 528. *Endicott Johnson Corp.* v. *Hurwitz,* 284 Mass. 378, 380. *Hammond* v. *Boston Terminal Co.* 295 Mass. 566, 567–568. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125–127.

The fact that in the case at bar a previous similar appeal was inadvertently considered on its merits is of no present import. *Redfield* v. *Abbott Shoe Co.* 333 Mass. 551.

In order to save the time of other courts and of ourselves in this matter, we see no harm in stating that there is nothing in the point which the defendant has argued. Under G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1, one exception to the requirement of a bond is "in the case of a writ which contains a statement that the action is . . . for money due under a contract in writing." Here the writ contains a statement that the claim is for "money due under a contract in writing." See *Farber* v. *Lubin,* 327 Mass. 128. A promissory note is such a contract. *Woodlawn Federal Savings & Loan Association* v. *Williams,* 237 Ala. 446, 450. *Shipley Co.* v. *Rosemead Co.* 100 Cal. App. 706, 712. *Dayton Morris Plan Bank* v. *Graham,* 47 Ohio App. 310, 317. Restatement: Contracts, § 7. Simpson, Contracts, § 4, page 7. Williston, Contracts (Rev. ed.) § 7, pages 13–14.

*Appeal dismissed.*