THOMAS BUONO *vs.* WALDO C. NARDELLA & others.

Middlesex.    March 5, 1962. — May 3, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Trustee Process. Contract,* In writing.

In order to come within the exception to the requirement of filing a bond in G. L. c. 246, § 1, as amended through St. 1943, c. 17, § 1, in an action commenced by trustee process, every count in the declaration must fall within the categories stated in the writ.    [258]

A claim upon a promissory note and a claim upon a dishonored check were each a claim "for money due under a contract in writing" within the exception to the requirement of filing a bond in G. L. c. 246, § 1, as amended through St. 1943, c. 17, § 1, in an action commenced by trustee process.    [259]

A count in the declaration in an action commenced by trustee process, alleging that the defendants agreed in writing to buy certain goods from the plaintiff, but that, although the plaintiff offered the goods to the defendants, they "have not completed the said sale, having refused to comply with the terms of their said agreement," was for damages for breach of a contract and was not "for money due under a contract in writing" or "for goods sold and delivered" within the exception to the requirement of filing a bond in G. L. c. 246, § 1, as amended through St. 1943, c. 17, § 1.    [259]

An action with an ad damnum of more than $1,000 commenced by trustee process must be dismissed for failure to file a bond under G. L. c. 246, § 1, as amended through St. 1943, c. 17, § 1, notwithstanding the plaintiff's waiver of a count in the declaration not falling within any of the categories specified in the exception in the statute.    [259]

Buono *v.* Nardella.

CONTRACT.   Writ in the Superior Court dated September 15, 1954.

The plaintiff excepted to the allowance by *R. Sullivan*, J., of a motion to dismiss the action.

*J. Chester Webb*, for the plaintiff.

*Jacob Stone*, for the defendants.

WILKINS, C.J.   This action of contract commenced by trustee process was dismissed on motion of the defendants on March 24, 1960, for failure to file a bond as required by G. L. c. 246, § 1 (as amended through St. 1943, c. 17, § 1).[1] This statute requires that a bond to pay costs shall be filed with the clerk of the court before making service on a. trustee where the ad damnum of the writ exceeds $1,000 "except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing . . . ."

The writ, dated September 15, 1954, has an ad damnum of $10,000, and contains the statement that it is "an action of contract for goods sold and delivered and money due under written contract."   The declaration is in five counts. In order to comply with G. L. c. 246, § 1, each count must fall within the categories stated in the writ, namely, goods sold and delivered or money due under a written contract. *Farber* v. *Lubin*, 327 Mass. 128, 130–131.   This is similar to a case where in an action brought by trustee process there is a count for libel, which is prohibited by G. L. c. 246, § 1, and the presence of another count not so prohibited is of no avail.   "It was still an action for libel, even though it may also have been for something else."   *A. Sandler Co.* v. *Portland Shoe Mfg. Co.* 291 Mass. 326.   See *McDonald* v.

---

[1] "All personal actions, except tort for malicious prosecution, for slander or libel, or for assault and battery, and except replevin, may be commenced by trustee process . . .; but, except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth, no writ the ad damnum of which is in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by the plaintiff . . . in the court wherein such action is commenced a bond . . . ."   An amendment by St. 1961, c. 158, is inapplicable to the case at bar.

*Green,* 176 Mass. 113, 115; *Guarino* v. *Russo,* 215 Mass. 83, 84–85; *MacCormac* v. *Hannan,* 248 Mass. 86, 88; *Poorvu* v. *Weisberg,* 286 Mass. 526, 538; *Redfield* v. *Abbott Shoe Co.* 333 Mass. 551, 554.   See also *Mitchell* v. *Mitchell,* 312 Mass. 154, 162.

Counts 4 and 5 are on promissory notes.  These are contracts in writing.  *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208, 209.  Count 3 is on a dishonored check.  This also is a contract in writing.  Restatement: Contracts, § 7.  Williston, Contracts (3d ed.) § 7.  See Uniform Commercial Code (not in effect in the case at bar).  G. L. c. 106, § 3–104.

Count 1 is on an account annexed for "Money due for merchandise, letters patent and machinery sold and delivered."  The defendants have made some contention that letters patent are not goods.  They cite *Somerby* v. *Buntin,* 118 Mass. 279, 285–286, and *Beacon Oil Co.* v. *Perelis,* 263 Mass. 288, 292–293, which deal with the situation where letters patent had not been issued.  It is, however, unnecessary to resolve the point because of what we are constrained to decide as to count 2.

Count 2 is an action for breach of a written contract whereby the plaintiff agreed to sell, and the defendants agreed to buy, door checks, a letter patent, machinery, and dies.  The count alleges that the defendants for a time prevented performance by the plaintiff; that the plaintiff did later offer all the merchandise, machinery, and the letter patent to the defendants; and that the defendants "have not completed the said sale, having refused to comply with the terms of their said agreement."  Count 2 is for damages for breach of a contract.  As such it would not fall within the exceptions permitted by G. L. c. 246, § 1.  It is not for money due under a written contract.  Neither is it an action for goods sold and delivered.

The plaintiff is not aided by his waiver of count 2 on April 16, 1959.  General Laws c. 246, § 1, provides that "no writ . . . shall be served . . . unless there shall have been filed . . . a bond . . . ."

*Exceptions overruled.*