GENERAL MOTORS CORPORATION *vs.* CHARLES McKERNAN.

Suffolk.    April 7, 1966. — May   3, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Trustee Process. Jurisdiction,* Trustee process. *Practice, Civil,* Writ.

A District Court had no jurisdiction of an action of contract commenced
    by a trustee writ returnable more than thirty days after its date con-
    trary to G. L. c. 246, § 7.

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on July 6, 1965.

The case was reserved and reported by *Whittemore, J.,*
without decision.

*James M. Sweeney* for the petitioner.

*Edward W. Brooke,* Attorney General, *& David Berman,*
Assistant Attorney General, for the Commonwealth & an-
other, amici curiae, submitted a brief.

No argument or brief for the respondent.

WILKINS, C.J.    This petition for writ of error pursuant
to G. L. (Ter. Ed.) c. 250, § 3, is reserved and reported by
the single justice on the petition, the assignment of error,
the answer, and the findings of fact.

On May 6, 1960, a writ was sued out of the First District
Court of Southern Middlesex in an action of contract, ad
damnum $500, in which the respondent McKernan of Fram-
ingham was the plaintiff, George Masterson of Worcester
was the defendant, and the petitioner General Motors Cor-
poration, a Delaware corporation, with a usual place of
business in Framingham, and the employer of Masterson,
was trustee.    According to the original typing, it was re-
turnable on June 4, 1960.    At some time the typing "4th"
was lined through and "25th" was inserted in ink.    In-
dorsements on the writ show an application to the judge for
permission to attach any money or credits due for the wages

of personal labor or service in the hands of the trustee, and the judge's consent thereto. This application is dated May 6, 1960, and describes the writ as returnable on June 4, 1960. The judge's consent is dated May 18, 1960. Service on the trustee was made on June 2, 1960. On June 29 the trustee was defaulted for failure to answer. As a result of the plaintiff-respondent's motion, which was supported by affidavit (see G. L. [Ter. Ed.] c. 231, § 59B), he recovered judgment on May 14, 1965, against the defendant. On May 15 execution issued in the sum of $443.75 damages and $4.75 costs.

The assignment of error is that the writ was not returnable within thirty days of its date and so was in contravention of G. L. (Ter. Ed.) c. 246, § 7. This provides in part, "A trustee writ issued by a district court shall be returnable not more than thirty days after the date thereof and be served seven days at least before the return day." Original writs in a District Court not commenced by trustee process "shall be served not less than seven nor more than sixty days before the return day." G. L. c. 223, § 27. This requirement of a shorter time for the return day has a purpose to benefit the trustee and to restrict the period in which a trustee may be inconvenienced by litigation to which the trustee is not an interested party. To give the statute its proper effect, it should be construed as a limitation of the jurisdiction of the court. While the statutory language varies, this conclusion is in harmony with decisions under G. L. c. 246, § 1 (as amended through St. 1961, c. 158). *MacCormac* v. *Hannan,* 248 Mass. 86, 88 (libel). *Poorvu* v. *Weisberg,* 286 Mass. 526, 527 (libel or malicious prosecution). *Farber* v. *Lubin,* 327 Mass. 128 and *Buono* v. *Nardella,* 344 Mass. 257 (failure to file bond). "If an action is commenced by trustee process in violation of § 1 this defect 'goes to the validity of the action, and to the jurisdiction of the court, and . . . this invalidity cannot be cured by amendment.' *Poorvu* v. *Weisberg,* 286 Mass. 526, 537." *Tennessee Plastics, Inc.* v. *New England Elec. Heating Co. Inc.* 345 Mass. 575, 577.

The case of *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, is a petition for a writ of prohibition by one Ashley, who had been elected mayor of a city, to prevent a hearing on an election petition by a three judge tribunal. A subpoena issued to Ashley was made returnable fifteen days, instead of the statutory fourteen days, from the date of filing the petition. This court held that the election petition and the assignment of the judges were in accordance with St. 1914, c. 783, § 10;[1] that the statute was constitutional; and (pp. 82–83) that the defect in the return date did not go to the jurisdiction, but was open to a motion to dismiss before the tribunal. It was said (p. 82) that prohibition would not issue "to correct or restrict errors or irregularities of a tribunal which is acting within its jurisdiction, although proceeding improperly in the exercise of that jurisdiction." The case exemplifies the principle that even if there is inadequate service to give jurisdiction of the person, there is discretion to refuse a writ of prohibition where the tribunal has jurisdiction of the subject matter and there is adequate remedy by way of appeal. See *Chicago, Rock Island & Pac. Ry., petitioner,* 255 U. S. 273, 275–276; *Cronin* v. *Judges of the Superior Court,* 253 Mass. 183, 184; 92 A. L. R. 2d 247, 253. See also cases cited in 141 A. L. R. 1264–1265.

The First District Court of Southern Middlesex because of noncompliance with G. L. (Ter. Ed.) c. 246, § 7, lacked jurisdiction to enter judgment in the action of *McKernan* v. *Masterson;* the judgment is set aside; and the action is dismissed.

*So ordered.*

---

[1] See now G. L. c. 55, § 28.