*Municipal Court of the City of Boston*

No. 238025

## RICCIARDI & SONS CONSTRUCTION, INC.

v.

## OMAN REALTY ASSOCIATES TRUST

Argued: May 15, 1970.     Decided: June 9, 1970

Present: Adlow, C.J., Gillen, J., Gorrasi, Spec. J.

Case tried to *Morrissey, J.*

*Adlow, C. J.* Action of contract to recover on a judgment entered in this court on July 28, 1967. The defendant alleges that this judgment is null and void for the reason that this court was without jurisdiction to render any judgment in the cause before it.

*There was evidence that* on November 20, 1963, the plaintiff commenced suit against the defendant by a trustee writ with an ad damnum of $7,500. In this writ the action was alleged to be for *"money due under a contract in writing"*. The declaration was in a single count and alleged money due to the plaintiff for *work and materials*. In this earlier action the defendant filed a motion to dismiss which motion was denied by the court. Later in the proceedings the defendant was defaulted on a hearing on an Affidavit of No Defense and Motion for Judgment, at which hearing the defendant failed to appear. Judgment was entered for the plaintiff on July 28, 1967. *No endorsement appears on the writ that any bond has been filed* under the provisions of Mass. St. 1943, c. 17, § 1.

In this action based on the above-mentioned

judgment the defendant relies on the failure of the court to obtain jurisdiction over the defendant for the reason that the action did not come within the exceptions provided by St. 1943, c. 17, § 1 which excused the filing of a bond in connection with the use of trustee process. We do not agree. The allegation in the writ in the original action stated that the for "money due under a contract in writing". This recital clearly brought the action within the group excepted from the operation of Mass. St. 1943, c. 17, § 1. In the pleadings which are made part of this record is noted the following disposition of the court on the hearing on the motion to dismiss:

"Heard and upon facts now apparent on record denied."

Just what the facts were is none too clear. While the count in the plaintiff's declaration merely claimed money due for work and materials, it may be inferred that the court found no inconsistency between the allegations in the writ and the statement in the declaration. Since the work and materials referred to in the declaration could have been furnished under a contract in writing, it could not have been ruled, on the defendant's motion to dismiss, that the cause of action was based in whole or in part on a ground which was not one of the enumerated exceptions of Section 1 of Gen. Laws, c. 246. Cf. *Farber* v. *Lubin,* 327 Mass. 128. *Buono* v. *Nardella,* 344 Mass. 257.

The court in the instant case had jurisdiction to allow the plaintiff to amend its declaration to state expressly that the work and materials were furnished under a contract in writing, bringing the claim squarely within the description contained in the writ of an action for "money due under a contract in writing". *Tennessee Plastics Inc.* v. *New England Heating Co., Inc.*, 345 Mass. 575, 577. The court thus having acquired jurisdiction of the action, that jurisdiction continued until the entry of judgment after default by the defendant.

**Report dismissed.**

JOSEPH G. PRONE
of Quincy for the Plaintiff.
MAURICE H. KRAMER
of Boston for the Defendant.