· DAVID FARBER, trustee, *vs.* MAX LUBIN & another.

Suffolk.   November 27, 1950. — March 6, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Trustee Process.   Damages,* For breach of contract.   *Practice, Civil,* Dismissal of action, Appeal.   *Pleading, Civil,* Motion to dismiss.   *Words,* "Money due under a contract in writing."

A question of law as to proper service apparent on the record in an action at law may be raised by a motion to dismiss.

An order dismissing an action at law in the Superior Court for matter of law apparent on the record is appealable under G. L. (Ter. Ed.) c. 231, § 96.

A statement in a trustee writ that it was in "an action of contract (in writing)" was not "a statement that the action . . . [was] for money due under a contract in writing" within G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1.

An action for damages for breach of a written lease through failure to maintain in good repair an elevator in the leased premises and to repair and clean the drains thereof was not an action "for money due under a contract in writing" within G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1.

An action in trustee process was properly dismissed on motion where it was apparent on the record that there had been a failure to conform to the requirements of G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1.

CONTRACT.   Writ in the Superior Court dated May 11, 1950.

A motion to dismiss was heard by *Kirk*, J.

*A. A. Karp,* for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

WILKINS, J.   This is an action of contract commenced by trustee process against Max Lubin, Hyman Davis, and a bank as trustee of the defendant Lubin.   The defendant

Lubin, appearing specially, filed a motion to dismiss, one of the grounds of which is failure to conform to G. L. (Ter. Ed.) c. 246, § 1, as amended. The motion was allowed, and the plaintiff appealed.

A motion to dismiss is a proper form of pleading in actions at law to raise a question of law apparent on the record. Want of proper service apparent on the record may be raised on such a motion. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54, 55. *Chandler* v. *Dunlop*, 311 Mass. 1, 4. The order of dismissal is appealable under G. L. (Ter. Ed.) c. 231, § 96. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 169. *Graustein* v. *Boston & Maine Railroad*, 304 Mass. 23, 25.

General Laws (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1, reads: "All personal actions . . . [with exceptions at present immaterial] may be commenced by trustee process, and any person may be summoned as trustee of the defendant therein; but, except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth, no writ the ad damnum of which is in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by the plaintiff . . . in the court wherein such action is commenced a bond with a surety company . . . as surety, or with sureties approved by a justice, associate justice or special justice of such court . . . nor unless there shall have been endorsed on the writ by the justice . . . who approved said bond, or by the clerk of such court, the fact that the bond required by this section has been filed in such court."

The writ, containing the statement that it is in "an action of contract (in writing)," carries an ad damnum of $2,500, and bears no indorsement that any bond has been filed.

Hence, under the motion to dismiss, the questions are whether the cause of action alleged in the declaration is "for money due under a contract in writing" within the meaning of § 1, as appearing in St. 1943, c. 17, § 1, and whether the writ contains a "statement" to that effect.

The declaration is in two counts "for the same cause of action." The first count alleges that the plaintiff is the assignee of the lessor, under a written lease dated April 11, 1946, of premises at 132 Harvard Street in the Dorchester district of Boston, a copy of which is annexed; that the defendant Lubin is assignee of the lessee with the assent of the plaintiff and occupies the premises under the lease, which provides that the defendant Lubin shall be responsible for all interior and exterior repairs, and required to keep the premises in good condition for use and occupancy, to pay water charges, and the expenses of emptying and cleaning the drains; and that the defendant Lubin failed to maintain an elevator in good repair, or to pay water charges, or to repair and clean the drains. The second count is similar except that it is directed solely against the defendant Davis, who is described as "the lessee under said lease and . . . subject to the terms thereof."

The enactment of c. 246, § 1, as amended, was to prevent the abuse of the power to attach on trustee process. The statute has wide scope. In all but five enumerated classes of cases, the requirement of a bond is absolute. And since, in the usual case, the writ chronologically precedes the declaration, it is made obligatory that the writ contain a statement that the action is one of those five classes. This the writ in the case at bar fails to do. The statement that this is "an action of contract (in writing)" is not a statement that it is an action "for money due under a contract in writing."

The declaration shows that the action is not entirely for "money due under a contract in writing." It may be that the failure to pay water charges gave rise to such a claim. And so clearly would a failure to pay rent. See *Board of Education of Chicago* v. *Crilly*, 312 Ill. App. 16, 39. But

that cannot be said of the claims for damages for breach of the promises to maintain the elevator in good repair and to repair and clean the drains. Those are promises which "under" the lease the lessee is supposed to keep.

In the statute we are considering, all damages for breach of a written contract are not made synonymous with "money due under" that contract. The only reference to damages in c. 246, § 1, as amended, is, by way of contrast, in tort actions arising out of the operation of a motor vehicle not registered in this Commonwealth. This concession to the practical need for making service in such cases serves to emphasize the absence of any exception in favor of an action for damages for breach of contract, albeit the contract is in writing. In the three other classes of cases requiring no bond the right to commence an action by trustee process might be deemed the least likely to become a subject of abuse. A judgment is the most definite of obligations. Actions for personal services are favorites of the law. Actions for goods sold and delivered present a tangible basis for the computation of damages.

We cannot construe the statute as authorizing unlimited attachments for all kinds of damages for breach of a written contract. To do so would be out of symmetry with the other enumerated classes of cases. And it would not carry out the purpose of the act.

The motion to dismiss was rightly allowed. The action is not "for money due under a contract in writing" within the meaning of G. L. (Ter. Ed.) c. 246, § 1, as appearing in St. 1943, c. 17, § 1, and the writ contains no statement that it is.

*Order dismissing action affirmed.*