*Western Division*

TENNESSEE PLASTICS, Inc.

v.

NEW ENGLAND ELECTRIC HEATING CO., Inc.

and

THE THIRD NATIONAL BANK and TRUST COMPANY of SPRINGFIELD, TRUSTEE

*Present*: Garvey, P. J. & Hobson, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 155, 597.

Argued: April, 1962—Decided, May, 1962

*Garvey, J.* This action commenced by trustee writ, without bond, had an ad damnum of $5,000.00. The writ contained a statement that it was "an action for goods sold and delivered". The declaration, however, alleged the defendant was indebted to it for money due on promissory notes. Upon entry the defendant filed an answer in abatement and a motion to dismiss claiming the action to be invalid because of non-compliance with the provisions of G. L. (Ter. Ed.) c. 246, §1. Thereafter the plaintiff moved to amend its writ by adding the words "or for money due under a contract in writing".

After hearing, the court sustained the defendant's answer in abatement, allowed its motion to dismiss, and denied the plaintiff's motion to amend its writ. The matter is reported at the request of the plaintiff.

G. L. (Ter. Ed.) c. 246, §1, in its pertinent parts, provides that "personal actions" "may

be commenced by trustee process", but when the ad damnum is in excess of $1,000.00 a bond must be filed in court, "except in the case of a writ which contains a statement that the action is (a) upon a judgment or (b) in contract for personal services or (c) for goods sold and delivered or (d) for money due under a contract in writing or (e) in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth".

An action on a note has been held to be "for money due under a contract in writing", *Redfield v. Abbott Shoe Company,* 335 Mass. 208, 209, so for the cause stated in the writ, and the cause declared on, a bond was not required.

In *Farber v. Lubin,* 327 Mass. 128, an action by a lessor against a lessee, commenced by trustee writ without bond, the declaration alleged, in part, breach of promises by the lessee to maintain an elevator in good repair and to repair and clean the drains. It held these claims were not "for money due under a contract in writing" and the motion to dismiss was rightly allowed. At page 130 the court said:

> "The enactment of c. 246, 1, as amended, was to prevent the abuse of the power to attach on trustee process. The statute has wide scope. In all but five enumerated classes of cases, the requirement of a bond is absolute. And since, in the usual case, the writ chronologically precedes the declaration,

it is made obligatory that the writ contain a statement that the action is one of those five classes."

In the more recent case of *Buono v. Nardella,* 344 Mass. 257, it was held that an action of contract, commenced without bond by trustee process, with an ad damnum of ten thousand dollars, was properly dismissed when it appeared that one of the five counts in the declaration was for damages for breach of contract not one of the exceptions enumerated in s. 1. At page 686 the court said:

"In order to comply with G. L. c. 246, §1, each count must fall within the category stated in the writ, namely goods sold and delivered or money due under a written contract."

Strict compliance with the provisions of the statute is required. The declaration must be for the cause of action stated in the writ. A declaration on promissory notes is not, as the writ stated in the instant case, "an action for contract for goods sold and delivered". That the notes were given and accepted for goods sold and delivered is of no consequence. There was no error in allowing the motion to dismiss.

Neither was there error in denying the plaintiff's motion to amend its writ. It was held in *Poorvu v. Weisburg,* 286 Mass. 526, 537, "that the express prohibition of the statute (G. L. c. 246, §1) goes to the validity of the action, and to the jurisdiction of the court, and that this invalidity cannot be cured by amendment". If the court had the power to entertain this motion its denial was dis-

cretionary and no abuse of discretion has been shown. *Urban v. Central Mass. Elec. Co.,* 301 Mass. 519, 524. The report is to be dismissed.

J. Robinson, of Springfield, for the Plaintiff.
L. Kerlinsky, of Springfield, for the Defendant.