345 Mass. 575                                575

Tennessee Plastics, Inc. *v.* New England Electric Heating Co. Inc.

</div>

———————

TENNESSEE PLASTICS, INC. *vs.* NEW ENGLAND ELECTRIC HEATING CO., INC.

Hampden. February 4, 1963. — March 8, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Trustee Process. Practice, Civil,* Amendment, Rehearing. *Contract,* In writing. *Jurisdiction,* Trustee process.

Where the writ having an ad damnum of more than $1,000 in an action commenced by trustee process without filing a bond contained a statement that the action was in "contract for goods sold and delivered" but the declaration alleged an indebtedness arising out of promissory notes, the action was one "for money due under a contract in writing" and, if a statement to that effect were in the writ, would come within the exception to the requirement of filing a bond in G. L. c. 246, § 1, as appearing in St. 1943, c. 17, § 1; and the court was not without jurisdiction and had power to entertain a motion to amend the writ by adding such statement. [576–577]

In an action where denial of a motion to amend the writ might have been by reason of an erroneous conclusion by the judge that he had no power to allow the amendment, rather than in the exercise of his discretion,

this court vacated the denial in order that the moving party might have the motion reheard on the basis that the judge had discretionary power to allow it. [578]

CONTRACT. Writ in the District Court of Springfield dated January 6, 1960.

Certain motions were heard by *Sloan, J.*

*John I. Robinson,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

SPALDING, ·J. General Laws c. 246, § 1, as appearing in St. 1943, c. 17, § 1, provides that a bond to pay costs shall be filed with the clerk of court before making service on a trustee where the ad damnum of the writ exceeds $1,000 "except in the case of a writ which contains a statement that the action is . . . for goods sold and delivered or for money due under a contract in writing . . . ."[1]

By a trustee writ dated January 6, 1960, the plaintiff commenced an action of contract against the defendant. The ad damnum of the writ was $5,000 and no bond was filed. The writ· contained a statement that it was "an action of contract for goods sold and delivered." The declaration, however, alleged an indebtedness arising out of eight promissory notes.

The defendant filed a motion to dismiss for lack of jurisdiction because of noncompliance with G. L. c. 246, § 1.[2] At the hearing on the motion to dismiss, the plaintiff moved to amend its writ by adding after the words "goods sold and delivered" the words "or for money due under a contract

---

[1] "All personal actions, except tort for malicious prosecution, for slander or libel, or for assault and battery, and except replevin, may be commenced by trustee process . . .; but, except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth, no writ the ad damnum of which is in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by ·the plaintiff . . . in the court wherein such action is commenced a bond . . . ." An amendment by St. 1961, c. 158, is inapplicable to the case at bar.

[2] Although this motion was denominated "Answer in Abatement" it was in fact a motion to dismiss and will be treated as such. Where, as here, the question of law sought to be raised is apparent on the record, a motion to dismiss is the appropriate form of pleading. *Farber* v. *Lubin,* 327 Mass. 128, 129.

345 Mass. 575                                                                577

Tennessee Plastics, Inc. *v.* New England Electric Heating Co. Inc.

in writing.'' The judge allowed the motion to dismiss, and denied the plaintiff's motion to amend the writ. A report to the Appellate Division was dismissed, and the plaintiff appealed. See *Farber* v. *Lubin,* 327 Mass. 128, 129.

Since the ad damnum in the writ was in excess of $1,000, the action could not be commenced without the filing of a bond unless the writ contained a statement that the action was grounded on one of the exceptions stated in G. L. c. 246, § 1. If an action is commenced by trustee process in violation of § 1 this defect ''goes to the validity of the action, and to the jurisdiction of the court, and . . . this invalidity cannot be cured by amendment.'' *Poorvu* v. *Weisberg,* 286 Mass. 526, 537.

Here the writ contained a statement of one of the exceptions set forth in the statute: ''goods sold and delivered.'' When the declaration was filed it appeared that the plaintiff sought to recover on eight promissory notes. This was ''for money due under a contract in writing'' and came within one of the exceptions contained in § 1. *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208. Had the writ contained a statement that the action was ''for money due under a contract in writing'' there can be no doubt that the action would have been properly commenced without the filing of a bond. Where a writ contains a statement that comes within one of the exceptions in § 1 and the action is not grounded on that exception but upon one of the other exceptions mentioned in that section, we are of opinion that the court in which the action was brought was not without jurisdiction and had the power to entertain a motion to amend. In this respect the case differs from those where the cause of action was based in whole or in part on a ground which was not one of the enumerated exceptions of § 1. See *Farber* v. *Lubin,* 327 Mass. 128 (action to recover for breach of covenants in written lease in failing to repair elevator and drains was held not to be an action ''for money due under a contract in writing''). *Buono* v. *Nardella,* 344 Mass. 257 (action which contained counts within the exceptions and a count without). In the absence of an amendment of the

writ, the motion to dismiss was rightly allowed, for the action was not for "goods sold and delivered," even though, as the record suggests, the notes may have been in payment for goods sold. The allowance of such an amendment, of course, is within the discretion of the court. *Urban* v. *Central Mass. Elec. Co.* 301 Mass. 524. Had the judge denied the motion in the exercise of his discretion there would have been no error of law. But it is conceivable, if not probable, that the judge may have concluded, as did the Appellate Division, that under the decision in *Poorvu* v. *Weisberg,* 286 Mass. 526, 537, he had no power to allow the amendment. If he took that view, he never reached the question of discretion and his denial of the amendment would be tainted by error of law. "[A] ruling that the court has no power to allow an amendment, when in truth the allowance is discretionary, is an error of law that can be corrected on exceptions." *Peterson* v. *Cadogan,* 313 Mass. 133, 134–135. See *Commonwealth* v. *Baker,* 343 Mass. 162, 168. We are of opinion that the plaintiff ought to have an opportunity to have its motion to amend reheard, so that it can be considered in the light of the principles herein set forth. Accordingly, the order dismissing the report is reversed, the allowance of the motion to dismiss is vacated, and the denial of the motion to amend is vacated.

*So ordered.*