*Western District*
**ALFRED WHATELY**
v.
**ROLAND TETRAULT d/b/a**
**TETRAULT'S AUTO EXCHANGE**

Argued: June 30, 1964—Decided: August ——, 1964

*Present*: Garvey, P. J., Moore, J., Levine, J. & Allen, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 171389.

*Levine, J.* In this action of contract, the plaintiff in Count 1 on an account annexed, seeks to recover the sum of $225 plus interest, the price of a boat and trailer alleged to have been sold and delivered by the plaintiff to the defendant, and in Count 2 seeks to recover a like sum plus interest, representing the

amount of a check given to the plaintiff by the defendant for value received, payment on which was stopped by the defendant. The answer of the defendant is a general denial.

*The reported evidence shows that* the plaintiff, a Sergeant on Flight Duty at the Westover Air Force Base, lived on the base with his wife and family and was the owner of a boat, trailer and motor. The motor was stored in the cellar of the plaintiff's home on the base and the boat and trailer were stored in a Hobby Shop at the base in charge of a Sergeant Rice. On *Thursday, March* 28, 1963, the defendant's brother-in-law called the plaintiff in response to an advertisement which the plaintiff had placed in a newspaper for the sale of the boat, trailer and motor and that evening came to see the articles and agreed to purchase them. The articles were sold "as is" and were to be picked up on Saturday. The defendant's brother-in-law returned on Saturday and the plaintiff gave a bill of sale for said articles to the defendant's brother-in-law and the latter delivered to the plaintiff the defendant's check in the amount of two hundred twenty-five dollars in full payment thereof. The plaintiff and the defendant's brother-in-law then went to the Hobby Shop where the boat and trailer were stored and the plaintiff informed the Sergeant in charge that the boat and trailer had been sold and that the defendant's brother-in-law would arrange to pick up the articles and the defendant's brother-in-law did arrange with

the Sergeant in charge of the Hobby Shop to pick up the boat and trailer the following day which was a Sunday. There was testimony that the brother-in-law was purchasing the articles for the defendant. On Sunday when the defendant came to the Hobby Shop, the trailer was missing and the defendant thereupon stopped payment of the check which had been given to the plaintiff.

At the close of the evidence and before final arguments, the plaintiff filed the following requests for rulings:

1. The evidence warrants a finding for the plaintiff.

2. The evidence is insufficient to warrant a finding for the defendant.

3. Where goods are sold and agreed price therefore paid and he assumes control over the goods, the buyer is liable to the seller for the price though a portion of the goods disappears thereafter.

4. Unless otherwise explicitly agreed, where delivery is to be made without moving the goods, if the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting.

5. Where goods are in the possession of a bailee and are to be delivered without being moved, tender requires that the seller either tender a negotiable document of title covering such goods or procure acknowledgement by the bailee of the buyer's right to possession of the goods.

6. Where the goods are held by a bailee to be delivered without being moved, the risk of loss passes to the buyer on acknowledgement by the bailee of the buyer's right to possession of the goods.

7. As the risk of loss of the goods sold by the plaintiff to the defendant had already passed to the defendant at the time of its disappearance, the defendant is liable to the plaintiff for the price of the goods.

The defendant filed the following requests for rulings which the court treated as waived:

1. There is evidence warranting a finding for the defendant.

2. There is evidence warranting a finding that the plaintiff made no delivery of the goods that were the subject of the consideration for the giving of a check of the defendant to the plaintiff.

The court found for the defendant on each count of the plaintiff's declaration and granted plaintiff's requests for rulings Nos. 1, 3, 4, 5 and 6 and denied requests Nos. 2 and 7. The court also made the following special findings of fact:

"The court finds for the defendant on each count of the plaintiff's declaration because it finds no delivery of the goods was made to the defendant and therefore title of the trailer which was stolen, did not pass to the defendant."

The plaintiff claims to be aggrieved by the denial of his requests 2 and 7 and by the court's findings and rulings.

The only question presented is whether or

not title to the motor, boat and trailer passed to the defendant prior to the disappearance of the trailer.

We are of the opinion that title to the motor, boat and trailer did pass to the defendant under G. L. c. 106, §2-401, §§(3)(a). That section provides:

"Unless otherwise explicitly agreed where delivery is to be made without moving the goods, if the seller is to deliver a document of title, title passes at the time when and the place where he delivers such documents."

In the case at bar, nothing remained to be done on the part of the plaintiff. The defendant's brother-in-law, acting as the defendant's agent, saw the motor, boat and trailer and agreed to purchase them. Two days later on a Saturday, the defendant's brother-in-law returned; received a bill of sale for the articles from the plaintiff and gave the latter the defendant's check in the sum of $225.00 in full payment. Both men then went to the Hobby Shop where the boat and trailer were stored and informed the Sergeant in charge that the articles had been sold and that the defendant's brother-in-law would arrange to pick up the articles and the defendant's brother-in-law did arrange with the Sergeant in charge of the shop to pick up the boat and trailer on the following day which was a Sunday.

Under subsection (2)(b) of §2-509:

"Where the goods are held by a bailee to be delivered without being moved, the risk of loss

passes to the buyer (b) on acknowledgement by the bailee of the buyer's right to possession of the goods."

In the present case, notice was given to the bailee, the Sergeant in charge of the Hobby Shop that the boat and trailer had been sold and that the defendant's brother-in-law would arrange to pick up the articles and he did arrange with the Sergeant in charge to pick up the boat and trailer the following day. This is the same as acknowledgment by the Sergeant in charge of the defendant's right to possession of the boat and trailer and sufficient to cast upon the defendant the risk of loss of the articles while they were in the possession of the Sergeant.

The Uniform Laws Comment to §2-509 says that:

"the provisions of (2) (a) (b) on manner of tender of delivery apply on the point of transfer of risk. Due delivery of a negotiable document of title covering the goods or acknowledgment by the bailee that he holds for the buyer completes the 'delivery' and passes the risk."

Further, there was a tender of delivery under §2-503, §§(4) (a) which provides:

"Where goods are in the possession of a bailee and are to be delivered without being moved (a) tender requires that the seller either tender a negotiable document of title covering such goods or procure acknowledgment by the bailee of the buyer's right to possession of the goods."

What we have said above in regard to the acknowledgment by the bailee of the defend-

ant's right to possession applies to §2-503, §§(4)(a).

We find that there was prejudicial error in the denial of the plaintiff's requests 2 and 7 and in the findings of the trial judge. Accordingly, *the finding for the defendant is to be vacated and a finding is to be entered for the plaintiff in the amount of $225.00 together with interest. So ordered.*

Louis Korlinsky, of Springfield, for the Plaintiff.

Joseph A. Nowak, of Springfield, for the Defendant.