## Southern District

**CHAMBERLIN OF MASSACHUSETTS, INC.**
**v.**
**EVERETT M. ZOLA, TRUSTEE OF THE 1731 BEACON STREET TRUST**
**and**
**TOWN BANK AND TRUST COMPANY, TR.**

*Present*: Nash, C. J., Cox & Murphy, JJ.
  Case tried to *Colton, J.* in the Municipal Court of Brookline. No. 1403 of 1964.
*Cox, J.* The plaintiff commenced this action of contract by trustee writ. The ad damnum in the writ is $5,500.00. No bond was filed by the plaintiff. The writ states it is an action of "Contract—Money due under contract in writing."

The action was entered in court on October 19, 1964. The next day the defendant, appearing specially, filed a motion to dismiss the action on the ground that notwithstanding the statement in the writ, the declaration is not entirely for money due under a contract in writing but is for breach of contract and therefore a bond was required to be filed under the provisions of G. L. c. 246, §1. The defendant cited *Farber v. Lubin*, 327 Mass. 128.

The trustee answered funds in the sum of $447.62.

After a hearing on November 3, 1964 the justice denied the defendant's motion to dismiss. The defendant claiming to be aggrieved by the denial of his motion to dismiss, the justice reported the matter for our determination.

A motion to dismiss is the correct pleading to present this jurisdictional question. *Farber v. Lubin*, 327 Mass. 128; *Buono v. Nardella*, 344 Mass. 257; *Tennessee Plastics, Inc. v. New England Electric Heating Co., Inc.*, 345 Mass. 575.

G. L. c. 246, §1 as appearing in St. 1943, c. 17, §1, requires the plaintiff in trustee process to file with the clerk a bond to pay costs before service on the trustee if the ad damnum of the writ exceeds $1000.00 "except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under

a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the commonwealth . . . "

The question for decision is whether the writ and declaration state an exception to the requirement for a bond, namely, money due under a contract in writing.

So far as the writ is concerned it is clear that the action is for money due under a contract in writing. The defendant contends that the declaration discloses that the action is for breach of contract.

It has been decided that "In the statute we are considering, all damages for breach of a written contract are not made synonymous with 'money due under' that contract." *Farber v. Lubin,* 327 Mass. 128, 131. It is therefore necessary to examine the declaration in order to weigh the defendant's contention. It is as follows:

"And the plaintiff says that it is in the business of furnishing and installing weatherstripping, calking, storm windows, screens, chains, parting heads and is engaged in the repair thereof, and the defendant is the owner of real estate and building at 1731 Beacon Street, Brookline.

"That the plaintiff, through his duly authorized agent, one Edward J. Hassig, did on the 27th day of April, 1964, enter into a written agreement with the defendant, a copy of which is hereto annexed, marked 'A' and hereby incorporated by

reference, to perform certain work and furnish certain materials as enumerated in said written agreement for the consideration of Nine Thousand ($9,000.00) dollars.

"That the plaintiff, its servants, agents or employees performed the work and furnished the materials as provided in said agreement and that the plaintiff completed its said agreement on June 19, 1964.

"That on June 19, 1964, plaintiff made demand upon the defendant for the sum of Nine Thousand ($9,000.00) dollars due under the said agreement.

"That subsequently, on various dates, the defendant made partial payments in the total sum of Three Thousand Eight Hundred Ninety Two ($3,892.00) dollars and the defendant owes the plaintiff the amount of Five Thousand One Hundred Eight ($5,108.00) dollars plus six (6%) per cent interest from date of demand and attorney fees as provided in said agreement."

In our opinion the declaration states a claim for money due under a contract in writing as clearly as does the writ. It states that the parties entered into a written contract, a copy of which is attached to and incorporated by reference in the declaration; that the plaintiff was required under the contract to perform work and furnish materials as therein described for which it was to receive $9,000.00; that the plaintiff has performed its part of the contract; that the defendant has made partial payments aggregating $3,892.00;

and that the defendant owes the plaintiff $5,108.00 together with 6% interest and an attorney's fee. The writ and declaration both show that the plaintiff's case comes within the statutory exception described and that it was not required to file a bond for costs before service on the trustee. *Farber v. Lubin,* 327 Mass. 128; *Buono v. Nardella,* 344 Mass. 257; *Tennessee Plastics, Inc. v. New England Electric Heating Co., Inc.,* 345 Mass. 575.

■ The result is not affected by the provisions for a suitable attorney's fee and interest. They may be regarded in the same light as costs and as money due under a contract in writing. *Farber v. Lubin,* 327 Mass. 128. The unconditional provision for a suitable attorney's fee is, without further testimony, a debt, the amount of which the court must determine. *Norwood Morris Plan Co. v. McCarthy,* 295 Mass. 597, 603.

■ Interest is allowed by law from the date of demand and, if there is no previous demand shown, then from the date of the writ. *Davidson v. Robie,* 345 Mass. 333, 341, 342. Interest is also allowable from the date of finding by G. L. c. 238, §8.

In our opinion the justice was right in denying the defendant's motion to dismiss.

As no error of law has been shown an order should be entered dismissing the report.

Theodore R. Stanley, of Boston, for the Plaintiff.

Gilbert, Jerome & Gilbert, Ben G. Gilbert, of Boston, for the Defendant.