*Western District*

No. 200037.

**GEORGE CONSTANTINE**

**v.**

**MELVIN GUNN**

Argued: Mar. 18, 1969   Decided: Apr. 20, 1969

*Present*: Garvey, P.J., Moore, Allen, J.J.

Case tried to *Walsh, J.* in the District Court of Springfield    No. 200037.

*Garvey, P.J.*   The defendant's plea in abatement to the jurisdiction of the court was denied

and he claimed a report.[1] The action was commenced by a trustee writ described as ''one of contract for personal services'' with an ad damnum of $1800.00. Count one of the declaration alleges a breach of a written contract in which the defendant agreed to furnish labor and material in construction work on the residence of the plaintiff. Count two is on an ''account annexed''.

The defendant asserts the writ should be abated because of non-compliance with the provisions of G.L. c. 246, § 1.

This statute provides that a *bond* to pay costs shall be filed with the clerk of the court before making service on a trustee where the *ad damnum* exceeds $1000.00 ''except in the case of a writ which contains a statement that the action is upon a judgment, or in contract for personal services or for goods sold and delivered, or for money due under a contract in writing or in tort to recover damages on account of the operation of a motor vehicle not registered in the Commonwealth''.

''If an action is commenced by trustee process in violation of section 1 this defect 'goes to the validity of the action and to the jurisdiction of the court ... *Pooru* v. *Weisberg*, 286 Mass. 526, 537.' '' *Tennessee Plastics, Inc.* v. *N. E.*

---

[1] The report is premature, the case not being ''ripe for judgment'' as required by G.L. c. 231, § 108 and Rule 28 of the Rules of the District Courts (1965). We treat it as a voluntary report by the judge.

*Electric Heating Co. Inc.,* 345 Mass. 575, 577. S.C. 29 Mass. App. Dec. 112. Here the writ contained a statement of one of the statutory exceptions: "one of contract for personal services," but the allegations in the declaration are founded on breach of contract, not one of the enumerated exceptions. The *ad damnum* being in excess of $1000.00 the failure of the plaintiff to file a bond deprives the court of jurisdiction. *Tennessee Plastics, Inc.* v. *N. E. Electric Heating Co. Inc.,* 345 Mass. 575. *Buono* v. *Nardella,* 344 Mass. 257. *Pooru* v. *Weisberg,* 286 Mass. 526. *Farber* v. *Lubin,* 327 Mass. 128.

It was error to deny the plea in abatement.

LOUIS KERLINSKY

of Springfield for the defendant.

ROBERT E. KUBICEK

of Springfield for the plaintiff.