*Western District*

No. 163684

## FRANCIS A. REIMAN

v.

## SUPREME MARKETS
## OF WORCESTER, INC.
and
## COMMERCE BANK and TRUST COMPANY,
Trustee

Argued: June 18, 1970 - Decided: June 29, 1970

*Present:* Garvey, P.J., Levine, and Sloan, J.J. Case tried to *Mellquist, J.,* in the Central District Court of Worcester No. 163684.

**Garvey, P.J.** This action of contract was commenced *without a bond,* by a trustee writ containing the words for "money owed" with an ad damnum of $2800.00 as shown by examination of the original papers. The plaintiff's declaration was for "goods sold and delivered". The defendant filed a general denial and plea of payment. Shortly after entry the defendant

executed an assignment for the benefit of creditors. Its assignee's motion to intervene was allowed as was a motion of the plaintiff to amend his writ by adding "The action is for goods sold and delivered".

The assignee's motion to dismiss because of the failure of the plaintiff to file a bond as required, in some instances, by the provisions of G.L. c. 246, § 1 was denied. To this denial the assignee claimed a report. Although the denial was an interlocutory order ordinarily not reportable until the case is ripe for judgment we consider the report as being voluntarily made by the trial judge under G.L. c. 231, § 108 because it is represented by counsel that our decision will end the litigation, a desirable objective.

G.L. c. 246, § 1 "requires that a bond to pay costs shall be filed with the clerk of the court before making service on a trustee where the ad damnum of the writ exceeds $1000 'except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services or for goods sold and delivered or for money due under a contract in writing. . .'" *Buono* v. *Nardella,* 344 Mass. 257, 258.

"If an action is commenced by trustee process in violation of § 1 this defect 'goes to the validity of the action, and to the jurisdiction of the court, and . . . . this invalidity cannot be cured by amendment. *Poorvu* v. *Weisberg,*

286 Mass. 526, 527''. *Tennessee Plastics, Inc.* v. *New England Electric Heating Co.,* 345 Mass. 575, 577.

The writ in the case under consideration contained the statement that action was for ''money owed,'' not one of exceptions enumerated in § 1. We therefore must decide if the trial judge had the power to allow the plaintiff's motion to amend his writ by *adding* (emphasis supplied) ''the action is for goods sold and delivered,'' one of the exceptions. In so doing the writ then contained two statements, one within the exceptions and one without. In *Buono* v. *Nardella,* 344 Mass. 257 the court held that where the writ contained statements bringing it within the exceptions, but that one of five counts in the declaration was for a cause without the exceptions, and notwithstanding a waiver of this count, a motion to dismiss was properly allowed. It said at page 259 ''The plaintiff is not aided by his waiver of count 2 . . . G.L. c. 246, § 1 provides that 'no writ. . .shall be served. . . . unless there shall have been filed . . . .a bond. . .' '' To us this means that the writ, at the time it is ''served'', and the declaration when filed, must show it comes within one of the exceptions if a bond is not filed.

The present case is distinguishable on its facts from those in *Tennessee Plastics, Inc.* v. *New England Electric Heating Co., Inc.,* 345 Mass. 575. There the writ stated it was an ''action of contract for goods sold and delivered''

one of the exceptions under § 1 while the declaration alleged an indebtedness arising out of eight promissory notes, which the court construed to be "for money due under a contract in writing", also an exception. The court held it was error to dismiss the action and to deny plaintiff's motion to amend its writ by adding "or for money due under a contract in writing". In other words, if the writ contains a statement of an exception and although a different exception is declared on, a motion to correct may be properly allowed. Here the writ, at the time it was "served" did not contain a statement that brought it within any of the exceptions enumerated in § 1 and, the failure of the plaintiff to file with the clerk the required bond, the court was without jurisdiction.

The orders of the trial judge allowing the plaintiff's motion to amend his writ and the denial of the defendant's motion to dismiss the action are vacated. **To be entered are orders: (a) denying the motion to amend and (b) allowing the motion to dismiss.**

DAVID H. KRAVETZ
   of Boston for the defendant
HEALY & CRANSTON
   of Worcester for the plaintiff