DENNIS MAZZOLA *vs.* GEORGE KURKJIAN & another. May 1, 1972. This action was commenced in a District Court by trustee process, with an ad damnum of $12,000. The writ stated that the action was for "money due under a written contract," and the declaration purported to be for money due under a written contract to erect a dwelling, with agreed extras and modifications. A substitute declaration contained expanded allegations as to modifications and a second count for the same amount on an account annexed for "labor and materials . . . in the erection of dwelling house." The plaintiff filed no bond. See G. L. c. 246, § 1, as amended through St. 1961, c. 158. The trial judge found for the plaintiff and denied a motion for new trial, a motion to dismiss under G. L. c. 246, § 1, and a motion to correct inconsistent findings. The Appellate Division allowed a petition to establish a report, held the motion for new trial to be waived, affirmed the denial of the other two motions and "confirmed" the findings for the plaintiff. No error appears from the record before us. Notwithstanding the modifications alleged in the substitute declaration, which may have been oral, the labor and materials, including extras, for which payment is claimed may have been rendered under the written contract. Thus the claim may have been for money due under a written contract. It did not include damages for breach of contract. Hence no bond was required. *Tennessee Plastics, Inc.* v. *New England Elec. Heating Co. Inc.* 345 Mass. 575, 577–578. *Ricciardi & Sons Constr. Inc.* v. *Oman Realty Associates Trust*, 359 Mass. 755. Since the two counts were for the same cause of action, the defendants were not prejudiced by failure to specify on which count the finding was made. The defendants' requests for rulings, action on which is claimed to have been inconsistent with the judge's findings, are not included in the record and are not before us.

*Order affirmed.*

*Edward Costello* (*Walter J. Corcoran* with him) for the defendants.
*Edward J. Davis* (*Kevin P. Curry* with him) for the plaintiff.