*Western District*

### FIRST AGRICULTURAL NATIONAL BANK OF BERKSHIRE COUNTY

v.

### PETER M. AMERIO II AND ELIZABETH M. AMERIO

Argued: Dec. 6, 1972 - Decided: Dec. 18, 1972

*Present:* Garvey, P.J., Dudley, Larkin, JJ.

Case tried to *Cimini, J.* in the District Court of Central Berkshire, #33290.

**Garvey, P.J.** In this contract action a report was established. The plaintiff claims to be aggrieved by the denial of its motion under circumstances set out below.

The report, the pleadings and docket entries disclose that the plaintiff's declaration, entered with the writ on April 24, 1972, alleged the defendants were indebted to it in the amount of $987.16, the balance due on a promissory note. Their real estate was duly attached. Because they failed to appear and answer they were defaulted on April 28, 1972. A "military affidavit" was not filed and judgment has not been entered on the docket of the court.

On June 13, 1972 the defendants, (according to the report)[1] filed a motion (first motion)

---

[1] An examination of the records discloses that the motion was filed by one Norma E. Ruffer as "successor-in-interest to the real estate previously owned by" the defendants.

to dissolve the real estate attachment, assigning as a reason "that the plaintiff has failed to levy upon said property, within (30) days after [automatic entry of] its judgment (April 28, 1972) against the above named defendants as required by G.L. c. 223, § 59." Plaintiff's counsel did not appear at the scheduled hearing on this motion and it was allowed on June 29, 1972. A report was not claimed to its allowance.

On July 3, 1972 the plaintiff filed a motion (second motion) to vacate the allowance of the (first motion) "on the ground that final judgment had not entered ten days after the return date." This motion, after hearing, was denied and to its denial the report under review was claimed.

Section 520 of the Soldiers and Sailors Civil Relief Act of 1940, as amended, U.S. Code Annotated, 50 Appendix, reads in part: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service.

"If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry. . . ."

We need not decide whether Norma E. Ruffer, the moving party in the first motion, but not a party to the case lacked standing to re-

quest the court to dissolve the attachment as this issue is not reported. We do decide, however, that the grounds set forth for the allowance of the first motion — that judgment had entered on April 28, 1972 and the plaintiff had failed to levy on the property within thirty days as required by G.L. c. 223, § 59 was error and should have been denied.

In the absence of the filing of a military affidavit or order of the court, the case was not "ripe for judgment." The clerk of the court could not enter judgment, and until judgment was entered the statutory thirty day period in which a levy on the attached real estate must be made, never started to run. We are not aware of any statute or rule of court making mandatory the filing of a military affidavit or setting a time limit, in which it must be filed. Neither do we find any prohibition to a defendant filing such an affidavit.

A case becomes "ripe for judgment" "(W)hen, under the last entry, the case seems to have been brought to a final determination, and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties." *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, 457. See Rule 36 of the Rules of the District Courts (1956) and cases cited in the annotations to Superior Court Rule 79, [1954 Legalite edition]. G.L. c. 235, § 2.

Judgment in the case under consideration could not have been entered until a military affidavit had been filed, or by order of the court, which was not done.

The defendants argue, that if the allowance of the first motion was not warranted, the plaintiff lost its right of review because of its failure to appear and oppose the allowance of the motion, and more particularly by its failure to take an appeal. They cite no authority in support of this contention and we find none.

We subscribe to the rule that litigation must come to an orderly conclusion and that "back door" approaches, for the purposes of delay or for other reasons, are not to be encouraged. Here, however, we are of the opinion that the judge was in error in allowing the first motion the method used by the plaintiff — by a timely motion to revoke its allowance, rather than by appeal — was proper. It afforded the judge an opportunity to correct his error, which he declined to do, and his action was therefore subject to review.

The defendants also argue that the allowance of the first motion and the denial of the second was within the sound discretion of the judge and no abuse of discretion has been shown. We do not agree. Generally "there can be no such review of a question of fact or discretion." *Bartley* v. *Phillips*, 317 Mass. 35, 42. In the case before us the judge was not permitted to exercise discretion. The statements

contained in the first motion seeking a discharge of the attachment were based on an erroneous interpretation of the law and the judge was in error in adopting them. It was likewise error in denying the second motion.

"The allowance of an amendment predicated upon an erroneous finding of fact cannot be sustained . . ." *Urban* v. *Central Mass. Electric Co.,* 301 Mass. 519, 524. See: *Tennessee Plastics, Inc.* v. *N.E. Electric Heating Co. Inc.,* 345 Mass. 575, 578.

The clerk of the Court will make the following entries on its docket:

On the second motion the word "Denied" shall be stricken and the word "Allowed" substituted.

BRIAN J. QUINN of Pittsfield
 for the Defendant

CAMPOLI AND NUCIFORO of Pittsfield
 for the Plaintiff