BONI BERKOWITZ *vs.* DIANE C. NEE. July 28, 1976. On October 25, 1969, the plaintiff (a minor) was a passenger in an automobile involved in an accident with another automobile driven by the defendant. An action for her personal injuries was brought on her behalf by her father, as next friend, on August 14, 1972, well beyond the two year period of limitations then applicable to such actions. G. L. c. 260, § 4 (as in effect prior to St. 1973, c. 777, which extended the period to three years for actions commenced on or after January 1, 1974). The plaintiff's action was, however, timely brought because of the plaintiff's minority status. G. L. c. 260, § 7. Subsequently, on September 18, 1972, the plaintiff brought a motion to amend her declaration, G. L. c. 231, § 51, see now Mass.R.Civ.P. 15, 365 Mass. 761 (1974), by adding two other passengers who at all times material to this case were adults. The court, on September 25, 1972, denied the motion; and thereafter on

Rescript Opinions.

March 18, 1975, it reported its interlocutory order denying the motion to this court pursuant to G. L. c. 231, § 111 (as amended through St. 1973, c. 1114, § 199) and Mass.R.Civ.P. 64, 365 Mass. 831 (1974). The basis for the denial was the judge's ruling that the statute of limitations would bar the adults' claims. This ruling was correct because the original action was commenced on August 14, 1972, more than two years from the date of the accident, and "a permissible amendment to a complaint [or declaration] speaks as of the date of the commencement of the action...." *doCanto* v. *Ametek, Inc.* 367 Mass. 776, 787, fn. 11 (1975). *Gallagher* v. *Wheeler*, 292 Mass. 547, 552 (1935). *Wadsworth* v. *Boston Gas Co.* 352 Mass. 86, 89 (1967). See Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974). Strictly speaking the trial judge had the power to allow the amendment and to permit the statute of limitations to be litigated on proper pleadings. *doCanto* v. *Ametek, Inc., supra*, at 785-787. That would have been the better course if there had been any factual issue as to the applicability of the statute of limitations. Here, however, it appears from the record that the period of limitations was not tolled for any reason with respect to the adults. See, e.g., G. L. c. 260, §§ 9, 10. We thus view the judge's denial of the motion as a proper exercise of discretion — based on a ruling of law which we have reviewed and found correct (cf. *Peterson* v. *Cadogan*, 313 Mass. 133, 134-135 [1943]; *Tennessee Plastics, Inc.* v. *New England Elec. Heating Co. Inc.* 345 Mass. 575, 578 [1963]) — to avoid the futility of allowing an amendment which would be rendered nugatory by the defense of the statute of limitations raised in the original answer and certain to be raised again. The plaintiff's reliance upon *Walsh* v. *Curcio*, 358 Mass. 819 (1971), is misplaced. There, under a similar set of facts, the court allowed the motion to amend. But in that case the statute of limitations had not run as to the additional parties at the time the original action was commenced, and the Supreme Judicial Court specifically noted: "The cause of action of the [additional plaintiffs] was alive when [the original plaintiff] brought her action." Compare *Gaudette* v. *Webb*, 362 Mass. 60, 72 (1972).

*Order denying motion to amend affirmed.*

*Joel O. Mazer* for the plaintiff.
*Clement McCarthy* for the defendant.